(No. 54419.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. CECIL LEON HOBBS, Appellee.

*Opinion filed September 30, 1981.*

Tyrone C. Fahner, Attorney General, of Springfield,

and Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Garry W. Bryan, of the State's Attorneys Appellate Service Commission, of Springfield, of counsel), for the People.

Daniel D. Yuhas, Deputy Defender, and Karen Munoz, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant, Cecil Leon Hobbs, was convicted in a Champaign County circuit court jury trial of theft with a prior theft conviction, a Class 4 felony (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e)). His appeal to the appellate court resulted in an affirmance of the conviction, but a reversal of the extended-term sentence of 6 years which that court held to constitute an abuse of the sentencing judge's discretion. (90 Ill. App. 3d 587.) We allowed the State's petition for leave to appeal.

The property stolen was five bottles of whiskey which defendant and another took from an Eisner food store on September 16, 1979. Although the State's evidence of non-payment for the whiskey was largely circumstantial and, defendant contends, insufficient to establish his guilt beyond a reasonable doubt, we believe that issue was rightly resolved by the appellate court. Defendant also urges error occurred when the trial judge did not specifically offer him an opportunity to make a statement personally prior to the imposition of sentence as provided in section 5—4—1(a)(5) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—4—1(a)(5)). In this connection he notes, too, that the court was sufficiently displeased with defense counsel, who had apparently been significantly late in appearing for the sentencing hearing, that the judge indicated, at the conclusion of that hearing, his intention to request the State's Attorney to file a petition asking that

defense counsel be found in contempt and assign that matter to a different judge for hearing and disposition. In addition the judge stated: "And as far as I'm concerned, it's up to the State's Attorney and Judge Townsend to do whatever they wish to do about the matter. That it doesn't and hasn't affected this case, and will not affect other cases." We do not understand defendant to argue that the 6-year sentence resulted from the judge's displeasure with counsel but, rather, that in this circumstance defendant's right of allocution assumed increased importance. We note, however, that counsel was present during the sentencing hearing and spoke at length on defendant's behalf, and that defendant did not request an opportunity to speak. In these circumstances we agree with the appellate court opinions in this and other cases which have held similar omissions to be formal, but not reversible, errors. *People v. Jones* (1977), 56 Ill. App. 3d 600; *People v. Darling* (1977), 46 Ill. App. 3d 698; *People v. Spiler* (1975), 28 Ill. App. 3d 178.

Defendant had an unusual record of prior convictions, including both a misdemeanor theft conviction in April 1978 and a felony theft conviction in October of that year. Count I of the information in this case alleged the prior misdemeanor conviction, and count II the earlier felony conviction. While the court took judicial notice of both, the jury was informed of only the felony.

Defendant now urges that using the 1978 felony theft conviction to enhance the 1979 offense from the misdemeanor which it would otherwise have been to the felony which it is (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e)), and again using it to extend the penalty (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)) is not consistent with the legislative intent. Section 16—1(e) provides in relevant part:

"(e) Sentence.

(1) Theft of property, other than a firearm, not from the person and not exceeding $150 in value is a Class A misdemeanor. A second or subsequent offense

after a conviction of any type of theft, including retail theft, other than theft of a firearm, is a Class 4 felony." (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e).)

A Class 4 felony is punishable by imprisonment for not less than 1 nor more than 3 years. (Ill. Rev. Stat. 1979, ch. 38, par 1005—8—1(a)(7).) The pertinent portion of section 5—5—3.2(b) is as follows:

"(b) The following factors may be considered by the court as reasons to impose an extended term sentence under Section 5—8—2 upon any offender who was at least 17 years old on the date the crime was committed:

(1) When a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts." (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b).)

Section 5—8—2(a)(6), dealing with extended terms for Class 4 felonies, provides for a sentence of not less than 3 years nor more than 6 years.

The crux of this issue is that defendant's conduct in taking the liquor, standing alone, was not a felony under Illinois law for the value of the liquor was less than $150. It became a felony only because defendant had a prior conviction for the same offense. Since the 1979 conduct itself was not a felony it does not appear to fit within the legislative intent manifested by section 5—5—3.2(b). We consider that an extended term could have been imposed if the 1979 offense, exclusive of any other, had constituted a felony, and the earlier conviction had been of a felony at least as egregious. An extended term would have been permissible here, if, for example, the value of the liquor taken in 1979 had exceeded $150 so as to make its taking a felony. But it did not, and its taking became a felony under section 16—1(e) solely by reason of the 1978 felony convic-

tion. To again use that 1978 felony conviction to trigger the court's authority to impose an extended term pursuant to section 5—5—3.2(b) is, in our judgment, incompatible with that section's requirement that the charges must be "separately brought and tried and arise out of different series of acts." The logical interpretation of that language indicates an intent to severely punish a recidivist convicted of separate felonies within 10 years where the latest offense consisted of conduct which *itself* constituted a felony. Here, the 1979 conduct was a simple misdemeanor until the earlier conviction was added by allegation and proof, and these circumstances, in our judgment, are simply not those at which section 5—5—3.2(b) is aimed. It is irrelevant that the 1978 misdemeanor theft conviction could also have served under section 16—1(e) to escalate the 1979 theft into a felony, leaving the 1978 felony theft conviction to be used to extend the sentence, for the jury was instructed only as to the prior *felony* conviction and its verdict was based thereon.

Our holding here is in accord with *People v. Haron* (1981), 85 Ill. 2d 261, decided last term, where we rejected the State's argument that the legislature intended that use of a weapon in a battery should doubly enhance the offense into armed violence. Too, our holdings in *Haron* and here are reinforced by the rule referred to in *Haron* that any ambiguity in a criminal statute should be resolved in favor of lenity.

We accordingly conclude, although not for the reasons stated by the appellate court, that the circuit court erred in imposing an extended term sentence. We accordingly vacate the judgment of the appellate court and remand the cause to the circuit court for resentencing by the trial judge.

*Vacated and remanded.*