THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAMES DAVY, Defendant-Appellant.

Fifth District   No. 5—83—0541

Opinion filed October 10, 1984.

Randy E. Blue and Michelle A. Zalisko, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William A. Schuwerk, Jr., State's Attorney, of Chester (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE JONES delivered the opinion of the court:

Defendant, James Davy, was convicted by the circuit court of Randolph County sitting without a jury of aggravated battery of a correctional officer in violation of section 12—4(b)(6) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 12—4(b)(6)). Pursuant to the extended-term provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, pars. 1005—5—3.2(b)(1), 1005—8—2(a)(5)), defendant was sentenced to 10 years' imprisonment, which was to be served consecutively to a previously imposed sentence for theft (over $150). The only issue on appeal is the propriety of the imposition of the extended term.

Defendant was convicted of theft (over $150) in 1980. In 1980, theft of property exceeding $150 was classified as a Class 3 felony. (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e)(3).) In *People v. Jackson* (1984), 99 Ill. 2d 476, 459 N.E.2d 1362, our supreme court stated that section 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 16—1) defines only one offense of theft and that the value of

the property taken determines only whether the theft will be punished as a felony or as a misdemeanor. From the foregoing, defendant reasons that if the value of stolen property was used to enhance the theft to a felony, it could not be used as a basis for the imposition of an extended term of imprisonment for defendant's current conviction, as to do so would be violative of the proscription against double enhancement as set forth in *People v. Hobbs* (1981), 86 Ill. 2d 242, 427 N.E.2d 558.

In *Hobbs*, defendant had been convicted of theft (over $150) in 1978. In 1979, he was convicted of theft (under $150) which was ordinarily punishable as a Class A misdemeanor (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e)(1)). However, due to the 1978 theft conviction, the 1979 theft conviction was punishable as a Class 4 felony (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e)(1)). The 1978 theft conviction was again used as a basis for the imposition of an extended term of imprisonment for the 1979 conviction. Our supreme court stated that the logical interpretation of section 5—5—3.2(b) is "an intent to severely punish a recidivist convicted of separate felonies within 10 years where the latest offense consisted of conduct which *itself* constituted a felony." *People v. Hobbs* (1981), 86 Ill. 2d 242, 246, 427 N.E.2d 558, 560.

In the case at bar, the trial court did not err in imposing an extended term of imprisonment. The latest offense for which defendant stands convicted consisted of conduct which itself constituted a felony. (Ill. Rev. Stat. 1981, ch. 38, par. 12—4(e)). Therefore, there was no other enhancement involved by statutory definition. It was not necessary to make any reference to any other act, offense or condition. Defendant made the theft offense a felony by taking property valued over $150. Defendant's double enhancement argument is unavailing. Further, we note that in *Hobbs*, our supreme court stated: "An extended term would have been permissible here, if, for example, the value of the liquor taken in 1979 had exceeded $150 so as to make its taking a felony." (*People v. Hobbs* (1981), 86 Ill. 2d 242, 245, 427 N.E.2d 558, 559.) As the aggravated battery in this case was a felony by statutory definition, the imposition of the extended term was permissible.

Affirmed.

WELCH, P.J., and HARRISON, J., concur.