(No. 71943.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. WILLIAM GONZALEZ, Appellant.

*Opinion filed September 24, 1992.*

Michael J. Pelletier, Deputy Defender, and Maria A. Harrigan, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellant.

Roland Burris, Attorney General, of Springfield, and Jack O'Malley, State's Attorney, of Chicago (Terence M. Madsen, Assistant Attorney General, of Chicago, and Renee Goldfarb, Theodore Fotios Burtzos and Brian Edward Clauss, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BILANDIC delivered the opinion of the court:

Defendant, William Gonzalez, was arrested on September 6, 1988, after police officers observed him in the possession of a .357 Ruger revolver. Defendant was thereafter charged by information with unlawful use of a weapon by a felon. (Ill. Rev. Stat. 1987, ch. 38, par. 24—1.1.) Following a jury trial, defendant was convicted of the charged offense. The trial court sentenced defendant to an extended term of 10 years' imprisonment. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b)(1).) The appellate court affirmed defendant's conviction and sentence. (212 Ill. App. 3d 839.) We granted defendant's petition for leave to appeal (134 Ill. 2d R. 315).

The relevant facts may be briefly stated. At approximately 12:45 a.m. on September 6, 1988, two Chicago police officers observed defendant walking along a Chicago street. The officers testified that, as they drove toward defendant, defendant pulled a revolver out of his waistband and tossed it to the ground. The officers

stated that they retrieved the gun and arrested defendant.

The parties then stipulated that defendant had, at the time of his arrest, been previously convicted of a felony. Both parties agree that the conviction referred to in the stipulation was defendant's 1979 robbery conviction.

Defendant presented the testimony of a friend who stated that he was with defendant on September 6, 1988, immediately prior to defendant's arrest. The friend testified that he had not seen defendant in possession of a gun on that evening.

Following the presentation of this evidence, the jury returned a verdict finding defendant guilty of unlawful use of a weapon by a felon. (Ill. Rev. Stat. 1987, ch. 38, par. 24—1.1.) At the subsequent sentencing hearing, it was established that defendant had been convicted of the felony offense of aggravated battery in 1980. Based upon this prior conviction, the trial judge found defendant eligible to receive an extended-term sentence (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b)(1)), and sentenced defendant to an extended term of 10 years' imprisonment.

On appeal to this court, defendant challenges only his eligibility for an extended-term sentence. Defendant argues that it was improper for the trial court to use his prior conviction for aggravated battery as the basis for imposing an extended term. According to defendant, the offense for which he was being sentenced, unlawful use of a weapon by a felon, had already been "upgraded" from a misdemeanor to a felony based upon a prior felony conviction. Defendant reasons that his "status as a felon" was thereby used *twice*, once to "upgrade" his crime from a misdemeanor to a felony, and a second time to enhance his sentence. According to defendant, this constituted an impermissible "double enhancement" and reversal of his sentence is required. We disagree.

This case revolves around the application of the extended-term sentencing provision found in section 5—5—3.2(b)(1) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b)(1)). The various divisions of our appellate court have had the opportunity to consider the application of this provision to a conviction for unlawful use of a weapon by a felon, and have reached conflicting conclusions. (Compare *People v. Crosby* (1990), 204 Ill. App. 3d 548; *People v. Clodfelder* (1988), 172 Ill. App. 3d 1030 (holding that it is proper to impose an extended term under section 5—5—3.2(b)(1) following a conviction for unlawful use of a weapon by a felon as long as *different* prior felonies are used to establish the offense and to impose the extended sentence), with *People v. Nally* (1985), 134 Ill. App. 3d 865; *People v. Grayson* (1983), 119 Ill. App. 3d 252 (holding that an extended-term sentence is not permissible even where different prior felonies are used to establish the offense and to extend the sentence).) In order to insure uniformity in the application of section 5—5—3.2(b)(1), we have deemed it necessary to address this issue and resolve these differences.

The offense of which defendant was convicted, unlawful use of a weapon by a felon, is a Class 3 felony. (Ill. Rev. Stat. 1987, ch. 38, par. 24—1.1(d).) Pursuant to the Unified Code of Corrections, Class 3 felonies are punishable by a term of imprisonment not to exceed five years. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(a)(6).) Under certain circumstances, however, a convicted defendant may be eligible to receive an "extended term" sentence. (See Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—2.) If a defendant convicted of a Class 3 felony qualifies for extended-term sentencing, he may be sentenced to a term of imprisonment not less than 5 years and not more than 10 years. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—2(a)(5).) A defendant is eligible for an extended term

only if the trial judge finds that one of the aggravating factors set forth in section 5—5—3.2(b) (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b)) is present. See Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—2(a).

In the instant case, the trial judge determined that the aggravating factor set out in subparagraph (1) of section 5—5—3.2(b) was present. Section 5—5—3.2(b)(1) provides, in pertinent part:

"(b) the following factors may be considered by the court as reasons to impose an extended term sentence ***.

(1) When a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts." Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b).

As noted, the trial court found defendant eligible for an extended-term sentence based upon defendant's 1980 aggravated battery conviction. It is undisputed that this conviction was obtained within 10 years prior to defendant's instant conviction. It is also undisputed that aggravated battery, like unlawful use of a weapon by a felon, is a Class 3 felony. (See Ill. Rev. Stat. 1987, ch. 38, pars. 12—4(e), 24—1.1(d).) Finally, there is no dispute that the instant conviction and the 1980 aggravated battery conviction stem from completely separate incidents and were tried separately. All of the requirements for imposing an extended term under section 5—5—3.2(b)(1) were thus satisfied in this case. Defendant nonetheless challenges the application of this provision in his case on the ground that it resulted in an impermissible "double enhancement."

There is a general prohibition against the use of a single factor both as an element of a defendant's crime *and* as an aggravating factor justifying the imposition of

a harsher sentence than might otherwise have been imposed. (*People v. Ferguson* (1989), 132 Ill. 2d 86, 97; *People v. Saldivar* (1986), 113 Ill. 2d 256, 272.) Such dual use of a single factor is sometimes referred to as "double enhancement." (*People v. Terrell* (1989), 132 Ill. 2d 178, 223.) The reasoning behind this prohibition is that it is assumed that the legislature, in determining the appropriate range of punishment for a criminal offense, necessarily took into account the factors inherent in the offense. (*Ferguson*, 132 Ill. 2d at 97.) The legislature prescribes the sentencing range for an offense by putting the offense into a specific class of offenses, *e.g.*, a "Class 3 felony" or a "Class A misdemeanor." The legislature then designates the sentences which may be imposed for each class of offenses. (See, *e.g.*, Ill. Rev. Stat. 1987, ch. 38, pars. 1005—8—1, 1005—9—1.) In making that designation, the legislature necessarily considers the factors that make up each offense in that class. Thus, to use one of those *same* factors that make up the offense as the basis for imposing a harsher penalty than might otherwise be imposed constitutes a double use of a single factor. See *Saldivar*, 113 Ill. 2d at 271-72.

Accordingly, the issue in this case is whether a single factor was improperly used both to establish defendant's offense and to justify the imposition of an extended-term sentence. Our review indicates that no improper double use occurred in this case.

Defendant was convicted of unlawful use of a weapon by a felon pursuant to section 24—1.1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 24—1.1). Section 24—1.1 makes it a crime for a person to knowingly possess "on or about his person *** any firearm *** if the person has been convicted of a felony under the laws of this State or any other jurisdiction." Ill. Rev. Stat. 1987, ch. 38, par. 24—1.1(a).

The essential elements of defendant's offense are thus twofold: (1) the knowing possession of a firearm and (2) a prior felony conviction. The evidence adduced at trial in this case clearly established each of these elements. Police testimony established that defendant had been observed tossing away a revolver, and the parties stipulated that defendant had previously been convicted of a felony. Defendant does not dispute that the conviction referred to in the stipulation was his *1979 robbery* conviction.

At sentencing, evidence was introduced that defendant had been convicted in *1980* of the felony offense of *aggravated battery*. Defendant does not dispute that it was *this* felony conviction upon which the trial judge based the imposition of an extended term.

Clearly, then, no single factor was used *both* to establish the elements of defendant's crime and to sentence defendant to an extended term. Rather, a separate, independent factor was used in each capacity. Defendant's offense was established through evidence of his *1979 robbery conviction*. Defendant's extended-term sentence was premised upon his *1980 aggravated battery conviction*. No double use of a single factor occurred and, thus, no impermissible double enhancement resulted. Accord *People v. Crosby* (1990), 204 Ill. App. 3d 548; *People v. Clodfelder* (1988), 172 Ill. App. 3d 1030 (holding that it is proper to impose an extended term under section 5—5—3.2(b)(1) following a conviction for unlawful use of a weapon by a felon as long as *different* prior felonies are used to establish the offense and to impose the extended sentence); see also *People v. Terrell* (1989), 132 Ill. 2d 178, 223 (no double enhancement where the same facts were not used both to establish the defendant's offense and to enhance the defendant's sentence by making him eligible for the death penalty).

Defendant, however, argues that his extended-term sentence was improper because his "status as a felon" was used both to establish his offense and to enhance his sentence. Defendant's argument in this regard is without merit. As noted above, it is clear that two separate, independent felony convictions were used to establish defendant's guilt and to enhance his sentence. Thus, because two separate convictions were used, no impermissible double enhancement took place. Defendant attempts to avoid this result by lumping together two *separate* factors under the generic label of "status as a felon." Defendant's attempt is to no avail. Were defendant's argument in this regard to be accepted, it would lead to a clearly illogical result. If the generic attribute of "status as a felon" were to be considered a "factor" that could not be used both to establish an offense and to impose an extended term, a defendant convicted of unlawful use of a weapon by a felon could *never* be sentenced to an extended term, no matter *how many* prior felony convictions he possessed. Clearly, the legislature did not intend such an absurd result. We therefore find defendant's argument to be without merit.

Defendant also contends that section 5—5—3.2(b)(1) cannot be applied to him because the offense of which he was convicted is a felony "solely" because it was "upgraded" from a misdemeanor to a felony by a prior felony conviction. Defendant asserts that unlawful use of a weapon by a felon is merely an "upgraded" species of the misdemeanor of unlawful use of a weapon created by section 24—1 of the Criminal Code (Ill. Rev. Stat. 1987, ch. 38, par. 24—1). Defendant, however, misapprehends the nature of his crime. A comparison of section 24—1 (unlawful use of a weapon) with section 24—1.1 (unlawful use of a weapon by a felon) reveals that the two provisions establish separate and distinct offenses.

In section 24—1.1 of the Criminal Code, the legislature created the offense of unlawful use or possession of a weapon by a felon. The elements of that offense are: (1) the knowing possession or use of a firearm and (2) a prior felony conviction. (Ill. Rev. Stat. 1987, ch. 38, par. 24—1.1(a).) There is no requirement in section 24—1.1 that the offender be using or possessing any particular type of firearm or that he be doing so in any particular place or manner.

Section 24—1 of the Criminal Code creates the offense of unlawful use or possession of a weapon. Unlike section 24—1.1, the type of firearm or weapon and the place and manner of the possession or use *are* relevant considerations under section 24—1. The elements of that offense are: (1) the knowing possession or use of a *certain* weapon or firearm; (2) in a *certain* place and/or manner; and (3) by a person who does not occupy one of the positions exempted by section 24—2 of the Criminal Code. (Ill. Rev. Stat. 1987, ch. 38, pars. 24—1, 24—2.) Section 24—2 exempts certain persons from the prohibitions of section 24—1 by reason of their status, *e.g.*, as a law enforcement officer or security personnel. (Ill. Rev. Stat. 1987, ch. 38, par. 24—2.) The exemptions of section 24—2 do *not* apply to the proscriptions of section 24—1.1.

Thus, sections 24—1 and 24—1.1 create separate, independent offenses. In enacting section 24—1.1, the legislature determined that it should be a crime for a felon to possess *any* firearm, in *any* situation. In enacting section 24—1, the legislature decided that it should be criminal for persons other than those exempted by section 24—2 to possess *certain* weapons in *certain*, *defined* *manners*. Accordingly, under this scheme, it is *always* a felony offense for a *felon* to possess a firearm even though a nonfelon who possesses the same firearm in the

same manner may be guilty of only a misdemeanor or of no crime at all, depending on the facts.

We therefore conclude that section 24—1.1 is *not* merely an "upgraded" version of the offense created by section 24—1; rather, it is a separate, distinct offense. The fact that the offender must be a convicted felon is merely an element of the crime, it is not an "enhancement" provision. Defendant's contention that his crime was a felony solely because it was "upgraded" or "enhanced" is therefore incorrect.

Accordingly, we reject defendant's argument that section 5—5—3.2(b)(1) cannot be applied to a conviction for unlawful use of a weapon by a felon. We hold that section 5—5—3.2(b)(1) applies to convictions obtained under section 24—1.1 in the same manner as it applies to all other felonies. Its application *is* limited, of course, by the general prohibition against using the same factor both as an element of an offense and as an aggravating factor at sentencing. (See *Ferguson*, 132 Ill. 2d at 97.) Thus, section 5—5—3.2(b)(1) could not be permissibly applied where the *same* prior felony conviction is used both to establish the offense *and* to impose the extended term. However, as discussed, that did not occur here.

This court's decision in *People v. Hobbs* (1981), 86 Ill. 2d 242, cited by defendant, does not conflict with our holding. In *Hobbs*, the defendant was convicted of felony theft in 1979. His conviction arose out of his commission of a theft which was upgraded to a felony by reason of a prior felony theft conviction in 1978. (See Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e) ("A second or subsequent [theft] offense after a conviction of any type of theft \*\*\* is a Class 4 felony"); *Hobbs*, 86 Ill. 2d at 245.) In sentencing the defendant for the 1979 conviction, the *same* prior felony theft conviction that was used as an element of the offense was also used to impose an extended-term sentence under section 5—5—3.2(b)(1).

This court vacated the defendant's extended-term sentence. The court found that to use the *same* prior conviction both to make the 1979 offense a felony and to impose an extended-term sentence was impermissible. Doing so violated the requirement of section 5—5—3.2(b)(1) that the felony for which the defendant was being sentenced and that upon which the extended term was based be "separately brought and tried and arise out of different series of acts." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(1); *Hobbs*, 86 Ill. 2d at 246.) In *Hobbs*, the *same* 1978 felony theft conviction was used both as an element of the 1979 felony conviction and as the felony upon which the extended-term sentence was based. In the case at bar, the same prior felony conviction was *not* used both as an element of the offense and to impose the extended-term sentence. Thus *Hobbs* is clearly distinguishable from the instant case.

Defendant claims that certain language in *Hobbs* supports his contention that section 5—5—3.2(b)(1) cannot be applied to an offense of which an essential element is the offender's "status as a felon." (See *Hobbs*, 86 Ill. 2d at 245.) Defendant, however, misconstrues the holding of *Hobbs*. Our review of *Hobbs* persuades us that *Hobbs* does not prohibit courts from imposing an extended-term sentence in cases such as the one at bar.

For the above reasons, we hold that it was not an impermissible double enhancement in this case to sentence defendant to an extended-term sentence pursuant to section 5—5—3.2(b)(1). We note also that it is well-established that the determination of a sentence is a matter of judicial discretion. Absent an abuse of that discretion, the sentence imposed by the trial court will not be altered upon review. (*People v. Cox* (1980), 82 Ill. 2d 268, 275.) Apart from his argument that it was impermissible to sentence him to an extended-term sentence pursuant to section 5—5—3.2(b)(1), defendant does not contend

that his sentence was improper. Our review of the record indicates that the trial court properly exercised its discretion in sentencing defendant to an extended term of 10 years' imprisonment.

For the above reasons, the judgment of the appellate court, upholding the trial court's imposition of an extended-term sentence, is affirmed.

*Affirmed.*