600 N.E.2d 1189 (1992)
151 Ill.2d 79
175 Ill.Dec. 731
The PEOPLE of the State of Illinois, Appellee,
v.
William GONZALEZ, Appellant.
No. 71943.
Supreme Court of Illinois.
September 24, 1992.
Michael J. Pelletier, Deputy Defender, and Maria A. Harrigan, Asst. Appellate Defender, Office of the State Appellate Defender, Chicago, for appellant.
Roland W. Burris, Atty. Gen., Springfield and Jack O'Malley, State's Atty., Chicago (Terence M. Madsen, Asst. Atty. Gen., Chicago, and Renee Goldfarb, Theodore Fotios Burtzos and Brian Edward Clauss, Asst. State's Attys. of counsel), for the People.
Justice BILANDIC delivered the opinion of the court:
Defendant, William Gonzalez, was arrested on September 6, 1988, after police officers observed him in the possession of a.357 Ruger revolver. Defendant was thereafter charged by information with unlawful use of a weapon by a felon. (Ill. Rev.Stat.1987, ch. 38, par. 24-1.1.) Following a jury trial, defendant was convicted of the charged offense. The trial court sentenced defendant to an extended term of 10 *1190 years' imprisonment. (Ill.Rev.Stat.1987, ch. 38, par. 1005-5-3.2(b)(1).) The appellate court affirmed defendant's conviction and sentence. (212 Ill.App.3d 839, 156 Ill.Dec. 919, 571 N.E.2d 899.) We granted defendant's petition for leave to appeal (134 Ill.2d R. 315).
The relevant facts may be briefly stated. At approximately 12:45 a.m. on September 6, 1988, two Chicago police officers observed defendant walking along a Chicago street. The officers testified that, as they drove toward defendant, defendant pulled a revolver out of his waistband and tossed it to the ground. The officers stated that they retrieved the gun and arrested defendant.
The parties then stipulated that defendant had, at the time of his arrest, been previously convicted of a felony. Both parties agree that the conviction referred to in the stipulation was defendant's 1979 robbery conviction.
Defendant presented the testimony of a friend who stated that he was with defendant on September 6, 1988, immediately prior to defendant's arrest. The friend testified that he had not seen defendant in possession of a gun on that evening.
Following the presentation of this evidence, the jury returned a verdict finding defendant guilty of unlawful use of a weapon by a felon. (Ill.Rev.Stat.1987, ch. 38, par. 24-1.1.) At the subsequent sentencing hearing, it was established that defendant had been convicted of the felony offense of aggravated battery in 1980. Based upon this prior conviction, the trial judge found defendant eligible to receive an extended-term sentence (Ill.Rev.Stat. 1987, ch. 38, par. 1005-5-3.2(b)(1)), and sentenced defendant to an extended term of 10 years' imprisonment.
On appeal to this court, defendant challenges only his eligibility for an extendedterm sentence. Defendant argues that it was improper for the trial court to use his prior conviction for aggravated battery as the basis for imposing an extended term. According to defendant, the offense for which he was being sentenced, unlawful use of a weapon by a felon, had already been "upgraded" from a misdemeanor to a felony based upon a prior felony conviction. Defendant reasons that his "status as a felon" was thereby used twice, once to "upgrade" his crime from a misdemeanor to a felony, and a second time to enhance his sentence. According to defendant, this constituted an impermissible "double enhancement" and reversal of his sentence is required. We disagree.
This case revolves around the application of the extended-term sentencing provision found in section 5-5-3.2(b)(1) of the Unified Code of Corrections (Ill.Rev.Stat.1987, ch. 38, par. 1005-5-3.2(b)(1)). The various divisions of our appellate court have had the opportunity to consider the application of this provision to a conviction for unlawful use of a weapon by a felon, and have reached conflicting conclusions. (Compare People v. Crosby (1990), 204 Ill.App.3d 548, 149 Ill.Dec. 525, 561 N.E.2d 1221; People v. Clodfelder (1988), 172 Ill.App.3d 1030, 123 Ill.Dec. 169, 527 N.E.2d 632 (holding that it is proper to impose an extended term under section 5-5-3.2(b)(1) following a conviction for unlawful use of a weapon by a felon as long as different prior felonies are used to establish the offense and to impose the extended sentence), with People v. Nally (1985), 134 Ill.App.3d 865, 89 Ill. Dec. 630, 480 N.E.2d 1373; People v. Grayson (1983), 119 Ill.App.3d 252, 74 Ill.Dec. 943, 456 N.E.2d 664 (holding that an extended-term sentence is not permissible even where different prior felonies are used to establish the offense and to extend the sentence).) In order to insure uniformity in the application of section 5-5-3.2(b)(1), we have deemed it necessary to address this issue and resolve these differences.
The offense of which defendant was convicted, unlawful use of a weapon by a felon, is a Class 3 felony. (Ill.Rev.Stat. 1987, ch. 38, par. 24-1.1(d).) Pursuant to the Unified Code of Corrections, Class 3 felonies are punishable by a term of imprisonment not to exceed five years. (Ill.Rev. Stat.1987, ch. 38, par. 1005-8-1(a)(6).) Under certain circumstances, however, a convicted defendant may be eligible to receive an "extended term" sentence. (See Ill.Rev. *1191 Stat.1987, ch. 38, par. 1005-8-2.) If a defendant convicted of a Class 3 felony qualifies for extended-term sentencing, he may be sentenced to a term of imprisonment not less than 5 years and not more than 10 years. (Ill.Rev.Stat.1987, ch. 38, par. 1005-8-2(a)(5).) A defendant is eligible for an extended term only if the trial judge finds that one of the aggravating factors set forth in section 5-5-3.2(b) (Ill.Rev.Stat. 1987, ch. 38, par. 1005-5-3.2(b)) is present. See Ill.Rev.Stat.1987, ch. 38, par. 1005-8-2(a).
In the instant case, the trial judge determined that the aggravating factor set out in subparagraph (1) of section 5-5-3.2(b) was present. Section 5-5-3.2(b)(1) provides, in pertinent part:
"(b) the following factors may be considered by the court as reasons to impose an extended term sentence * * *:
(1) When a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts." Ill.Rev.Stat.1987, ch. 38, par. 1005-5-3.2(b).
As noted, the trial court found defendant eligible for an extended-term sentence based upon defendant's 1980 aggravated battery conviction. It is undisputed that this conviction was obtained within 10 years prior to defendant's instant conviction. It is also undisputed that aggravated battery, like unlawful use of a weapon by a felon, is a Class 3 felony. (See Ill.Rev.Stat. 1987, ch. 38, pars. 12-4(e), 24-1.1(d).) Finally, there is no dispute that the instant conviction and the 1980 aggravated battery conviction stem from completely separate incidents and were tried separately. All of the requirements for imposing an extended term under section 5-5-3.2(b)(1) were thus satisfied in this case. Defendant nonetheless challenges the application of this provision in his case on the ground that it resulted in an impermissible "double enhancement."
There is a general prohibition against the use of a single factor both as an element of a defendant's crime and as an aggravating factor justifying the imposition of a harsher sentence than might otherwise have been imposed. (People v. Ferguson (1989), 132 Ill.2d 86, 97, 138 Ill. Dec. 262, 547 N.E.2d 429; People v. Saldivar (1986), 113 Ill.2d 256, 272, 100 Ill.Dec. 776, 497 N.E.2d 1138.) Such dual use of a single factor is sometimes referred to as "double enhancement." (People v. Terrell (1989), 132 Ill.2d 178, 223, 138 Ill.Dec. 176, 547 N.E.2d 145). The reasoning behind this prohibition is that it is assumed that the legislature, in determining the appropriate range of punishment for a criminal offense, necessarily took into account the factors inherent in the offense. (Ferguson, 132 Ill.2d at 97, 138 Ill.Dec. 262, 547 N.E.2d 429.) The legislature prescribes the sentencing range for an offense by putting the offense into a specific class of offenses, e.g., a "Class 3 felony" or a "Class A misdemeanor." The legislature then designates the sentences which may be imposed for each class of offenses. (See, e.g., Ill. Rev.Stat.1987, ch. 38, pars. 1005-8-1, 1005-9-1.) In making that designation, the legislature necessarily considers the factors that make up each offense in that class. Thus, to use one of those same factors that make up the offense as the basis for imposing a harsher penalty than might otherwise be imposed constitutes a double use of a single factor. See Saldivar, 113 Ill.2d at 271-72, 100 Ill.Dec. 776, 497 N.E.2d 1138.
Accordingly, the issue in this case is whether a single factor was improperly used both to establish defendant's offense and to justify the imposition of an extended-term sentence. Our review indicates that no improper double use occurred in this case.
Defendant was convicted of unlawful use of a weapon by a felon pursuant to section 24-1.1 of the Criminal Code of 1961 (Ill. Rev.Stat.1987, ch. 38, par. 24-1.1). Section 24-1.1 makes it a crime for a person to knowingly possess "on or about his person * * * any firearm * * * if the person has been convicted of a felony under the laws *1192 of this State or any other jurisdiction." Ill.Rev.Stat.1987, ch. 38, par. 24-1.1(a).
The essential elements of defendant's offense are thus twofold: (1) the knowing possession of a firearm and (2) a prior felony conviction. The evidence adduced at trial in this case clearly established each of these elements. Police testimony established that defendant had been observed tossing away a revolver, and the parties stipulated that defendant had previously been convicted of a felony. Defendant does not dispute that the conviction referred to in the stipulation was his 1979 robbery conviction.
At sentencing, evidence was introduced that defendant had been convicted in 1980 of the felony offense of aggravated battery. Defendant does not dispute that it was this felony conviction upon which the trial judge based the imposition of an extended term.
Clearly, then, no single factor was used both to establish the elements of defendant's crime and to sentence defendant to an extended term. Rather, a separate, independent factor was used in each capacity. Defendant's offense was established through evidence of his 1979 robbery conviction. Defendant's extended-term sentence was premised upon his 1980 aggravated battery conviction. No double use of a single factor occurred and, thus, no impermissible double enhancement resulted. Accord People v. Crosby (1990), 204 Ill.App.3d 548, 149 Ill.Dec. 525, 561 N.E.2d 1221; People v. Clodfelder (1988), 172 Ill. App.3d 1030, 123 Ill.Dec. 169, 527 N.E.2d 632 (holding that it is proper to impose an extended term under section 5-5-3.2(b)(1) following a conviction for unlawful use of a weapon by a felon as long as different prior felonies are used to establish the offense and to impose the extended sentence); see also People v. Terrell (1989), 132 Ill.2d 178, 223, 138 Ill.Dec. 176, 547 N.E.2d 145 (no double enhancement where the same facts were not used both to establish the defendant's offense and to enhance the defendant's sentence by making him eligible for the death penalty).
Defendant, however, argues that his extended-term sentence was improper because his "status as a felon" was used both to establish his offense and to enhance his sentence. Defendant's argument in this regard is without merit. As noted above, it is clear that two separate, independent felony convictions were used to establish defendant's guilt and to enhance his sentence. Thus, because two separate convictions were used, no impermissible double enhancement took place. Defendant attempts to avoid this result by lumping together two separate factors under the generic label of "status as a felon." Defendant's attempt is to no avail. Were defendant's argument in this regard to be accepted, it would lead to a clearly illogical result. If the generic attribute of "status as a felon" were to be considered a "factor" that could not be used both to establish an offense and to impose an extended term, a defendant convicted of unlawful use of a weapon by a felon could never be sentenced to an extended term, no matter how many prior felony convictions he possessed. Clearly, the legislature did not intend such an absurd result. We therefore find defendant's argument to be without merit.
Defendant also contends that section 5-5-3.2(b)(1) cannot be applied to him because the offense of which he was convicted is a felony "solely" because it was "upgraded" from a misdemeanor to a felony by a prior felony conviction. Defendant asserts that unlawful use of a weapon by a felon is merely an "upgraded" species of the misdemeanor of unlawful use of a weapon created by section 24-1 of the Criminal Code (Ill.Rev.Stat.1987, ch. 38, par. 24-1). Defendant, however, misapprehends the nature of his crime. A comparison of section 24-1 (unlawful use of a weapon) with section 24-1.1 (unlawful use of a weapon by a felon) reveals that the two provisions establish separate and distinct offenses.
In section 24-1.1 of the Criminal Code, the legislature created the offense of unlawful use or possession of a weapon by a felon. The elements of that offense are: (1) the knowing possession or use of a *1193 firearm and (2) a prior felony conviction. (Ill.Rev.Stat.1987, ch. 38, par. 24-1.1(a).) There is no requirement in section 24-1.1 that the offender be using or possessing any particular type of firearm or that he be doing so in any particular place or manner.
Section 24-1 of the Criminal Code creates the offense of unlawful use or possession of a weapon. Unlike section 24-1.1, the type of firearm or weapon and the place and manner of the possession or use are relevant considerations under section 24-1. The elements of that offense are: (1) the knowing possession or use of a certain weapon or firearm; (2) in a certain place and/or manner; and (3) by a person who does not occupy one of the positions exempted by section 24-2 of the Criminal Code. (Ill.Rev.Stat.1987, ch. 38, pars. 24-1, 24-2.) Section 24-2 exempts certain persons from the prohibitions of section 24-1 by reason of their status, e.g., as a law enforcement officer or security personnel. (Ill.Rev.Stat.1987, ch. 38, par. 24-2.) The exemptions of section 24-2 do not apply to the proscriptions of section 24-1.1.
Thus, sections 24-1 and 24-1.1 create separate, independent offenses. In enacting section 24-1.1, the legislature determined that it should be a crime for a felon to possess any firearm, in any situation. In enacting section 24-1, the legislature decided that it should be criminal for persons other than those exempted by section 24-2 to possess certain weapons in certain, defined manners. Accordingly, under this scheme, it is always a felony offense for a felon to possess a firearm even though a nonfelon who possesses the same firearm in the same manner may be guilty of only a misdemeanor or of no crime at all, depending on the facts.
We therefore conclude that section 24-1.1 is not merely an "upgraded" version of the offense created by section 24-1; rather, it is a separate, distinct offense. The fact that the offender must be a convicted felon is merely an element of the crime, it is not an "enhancement" provision. Defendant's contention that his crime was a felony solely because it was "upgraded" or "enhanced" is therefore incorrect.
Accordingly, we reject defendant's argument that section 5-5-3.2(b)(1) cannot be applied to a conviction for unlawful use of a weapon by a felon. We hold that section 5-5-3.2(b)(1) applies to convictions obtained under section 24-1.1 in the same manner as it applies to all other felonies. Its application is limited, of course, by the general prohibition against using the same factor both as an element of an offense and as an aggravating factor at sentencing. (See Ferguson, 132 Ill.2d at 97, 138 Ill.Dec. 262, 547 N.E.2d 429.) Thus, section 5-5-3.2(b)(1) could not be permissibly applied where the same prior felony conviction is used both to establish the offense and to impose the extended term. However, as discussed, that did not occur here.
This court's decision in People v. Hobbs (1981), 86 Ill.2d 242, 56 Ill.Dec. 363, 427 N.E.2d 558, cited by defendant, does not conflict with our holding. In Hobbs, the defendant was convicted of felony theft in 1979. His conviction arose out of his commission of a theft which was upgraded to a felony by reason of a prior felony theft conviction in 1978. (See Ill.Rev.Stat.1979, ch. 38, par. 16-1(e) ("A second or subsequent [theft] offense after a conviction of any type of theft * * * is a Class 4 felony"); Hobbs, 86 Ill.2d at 245, 56 Ill.Dec. 363, 427 N.E.2d 558.) In sentencing the defendant for the 1979 conviction, the same prior felony theft conviction that was used as an element of the offense was also used to impose an extended-term sentence under section 5-5-3.2(b)(1).
This court vacated the defendant's extended-term sentence. The court found that to use the same prior conviction both to make the 1979 offense a felony and to impose an extended-term sentence was impermissible. Doing so violated the requirement of section 5-5-3.2(b)(1) that the felony for which the defendant was being sentenced and that upon which the extended term was based be "separately brought and tried and arise out of different series of acts." (Ill.Rev.Stat.1985, ch. 38, par. 1005-5-3.2(b)(1); Hobbs, 86 Ill.2d at 246, 56 Ill.Dec. 363, 427 N.E.2d 558.) In Hobbs, the same 1978 felony theft conviction was *1194 used both as an element of the 1979 felony conviction and as the felony upon which the extended-term sentence was based. In the case at bar, the same prior felony conviction was not used both as an element of the offense and to impose the extended-term sentence. Thus Hobbs is clearly distinguishable from the instant case.
Defendant claims that certain language in Hobbs supports his contention that section 5-5-3.2(b)(1) cannot be applied to an offense of which an essential element is the offender's "status as a felon." (See Hobbs, 86 Ill.2d at 245, 56 Ill.Dec. 363, 427 N.E.2d 558.) Defendant, however, misconstrues the holding of Hobbs. Our review of Hobbs persuades us that Hobbs does not prohibit courts from imposing an extended-term sentence in cases such as the one at bar.
For the above reasons, we hold that it was not an impermissible double enhancement in this case to sentence defendant to an extended-term sentence pursuant to section 5-5-3.2(b)(1). We note also that it is well-established that the determination of a sentence is a matter of judicial discretion. Absent an abuse of that discretion, the sentence imposed by the trial court will not be altered upon review. (People v. Cox (1980), 82 Ill.2d 268, 275, 45 Ill.Dec. 190, 412 N.E.2d 541.) Apart from his argument that it was impermissible to sentence him to an extended-term sentence pursuant to section 5-5-3.2(b)(1), defendant does not contend that his sentence was improper. Our review of the record indicates that the trial court properly exercised its discretion in sentencing defendant to an extended term of 10 years' imprisonment.
For the above reasons, the judgment of the appellate court, upholding the trial court's imposition of an extended-term sentence, is affirmed.
Affirmed.