THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. OCTAVIO BAHENA, Defendant-Appellant.

Second District   No. 2—96—1166

Opinion filed April 23, 1998.

RATHJE, J., dissenting.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and Peggy F.J. Bradford, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE GEIGER delivered the opinion of the court:

The defendant, Octavio Bahena, appeals the order of the circuit court of Lake County denying his motion to reconsider his sentence. The defendant contends that (1) the trial court failed to admonish him that he had to move to withdraw his guilty plea in order to challenge his sentence and (2) the extended-term sentence the court imposed was an improper double enhancement.

A grand jury indicted the defendant for defacing the identifica-

tion marks on a firearm (720 ILCS 5/24—5(a) (West 1996)) and the unlawful possession of a weapon by a felon (720 ILCS 5/24—1.1(a) (West 1996)). On June 26, 1996, the defendant pleaded guilty to the unlawful possession charge. In exchange, the State agreed to a sentence cap of nine years' imprisonment and to dismiss the remaining count.

The presentence report revealed that the defendant had a single prior conviction of armed violence in 1992. At the sentencing hearing, the State requested a seven-year prison sentence, which is an extended term for a Class 3 felony. The defendant urged the court not to impose an extended term.

The court sentenced the defendant to 7½ years' imprisonment. The court admonished the defendant that, if he wanted to question his sentence, he had to "file papers within 30 days asking [the court] to reconsider the sentence."

The defendant did file a motion to reconsider his sentence, arguing that the sentence was excessive and asking the court to impose a nonextended-term sentence. The court denied the motion, and the defendant filed a timely notice of appeal.

■ The defendant's first contention is that, pursuant to this court's decisions in *People v. Rice*, 283 Ill. App. 3d 626 (1996), *opinion following remand*, 291 Ill. App. 3d 9 (1997), *appeal allowed*, 176 Ill. 2d 587 (1998), the trial court should have admonished the defendant at the sentencing hearing that he was required to move to withdraw his guilty plea in order to challenge his sentence. Because he was improperly admonished by the trial court, he followed the wrong procedure to appeal his sentence. See 145 Ill. 2d R. 605(b). The defendant asks that we remand the cause to the trial court so that he may move to withdraw his guilty plea.

Alternatively, the defendant argues that under *People v. Johnson*, 286 Ill. App. 3d 597 (1997), and *People v. Smith*, 288 Ill. App. 3d 308 (1997), where the trial court exercises any discretion in sentencing, a defendant does not have to move to withdraw his guilty plea to challenge his sentence. The defendant argues that if *Johnson* and *Smith* are good law he followed the proper procedure in the trial court and we should consider the merits of his sentencing argument.

In *People v. Evans*, 174 Ill. 2d 320 (1996), the supreme court held that a defendant who pleads guilty in exchange for a specific sentence may not ask the court to reconsider that sentence without moving to withdraw his guilty plea. *Evans*, 174 Ill. 2d at 332. However, *Evans* left open the question of the proper procedure to follow where a defendant enters a partially negotiated guilty plea, *i.e.*, pleads guilty in exchange for consideration other than the recommendation of a

specific sentence. Numerous cases since *Evans* have held that, where the trial court exercises any discretion in imposing a sentence, the defendant may seek the reconsideration of that sentence without moving to withdraw his plea. See *Johnson*, 286 Ill. App. 3d at 600; *Smith*, 288 Ill. App. 3d at 315; see also *People v. Franks*, 292 Ill. App. 3d 776, 778-79 (3d Dist. 1997).

We choose to follow those cases holding that a defendant may move to reconsider his sentence where the trial judge exercised any discretion in imposing it. Here, the defendant agreed to a sentence cap of nine years. The trial court heard arguments from both parties and considered the presentence report before imposing a sentence. It is apparent that the court exercised its discretion in sentencing the defendant. Therefore, the procedure the defendant followed to challenge his sentence was proper, and we may address the merits of his sentencing argument.

■ The defendant's substantive contention is that his extended-term sentence is an improper double enhancement. He maintains that the court could not use his single prior conviction both to establish the offense of unlawful use of weapons by a felon and to impose an extended-term sentence.

The defendant acknowledges that he did not raise this specific issue in the trial court. He concedes that this normally waives the issue but asks us to review his contention as plain error. See 134 Ill. 2d R. 615(a). This court has previously considered questions involving the unauthorized imposition of an extended-term sentence as plain error. *People v. Gapski*, 283 Ill. App. 3d 937, 945 (1996); *People v. Latona*, 268 Ill. App. 3d 718, 727 (1994). We elect to do so here.

The court sentenced the defendant to 7½ years' imprisonment, which is within the extended range for a Class 3 felony. See 730 ILCS 5/5—8—2(a)(5) (West 1996). The defendant correctly points out that the only conceivable basis for imposing an extended-term sentence in this case is that found in section 5—5—3.2(b)(1) of the Unified Code of Corrections: the defendant had a previous conviction of a greater class felony within 10 years (see 730 ILCS 5/5—5—3.2(b)(1) (West 1996).

In *People v. Gonzalez*, 151 Ill. 2d 79 (1992), the court upheld an extended-term sentence for a defendant convicted of unlawful use of weapons by a felon because the defendant had at least two prior felonies. Therefore, no double enhancement occurred. *Gonzalez*, 151 Ill. 2d at 85. The court made clear that the result would have been different had the defendant had only one prior conviction. The court stated as follows:

"Thus, section 5—5—3.2(b)(1) could not be permissibly applied

where the *same* prior felony conviction is used both to establish the offense *and* to impose the extended term." (Emphasis in original.) *Gonzalez*, 151 Ill. 2d at 88.

*Gonzalez* cites *People v. Hobbs*, 86 Ill. 2d 242, 246 (1981), which held that the same felony may not be used both to increase the severity of the offense and to impose an extended term.

The record here clearly shows that the *same* felony was used both to establish the substantive offense and to impose an extended-term sentence. This is clearly prohibited by *Gonzalez* and *Hobbs*. The State nonetheless argues that the sentence should be upheld because numerous aggravating factors are present. However, while these factors might justify a sentence close to the maximum within the normal, nonextended range (see 730 ILCS 5/5—5—3.2(a) (West 1996)), none of them can be used to justify an extended-term sentence under section 5—5—3.2(b). Thus, the State's argument is without merit. We note that the defendant does not challenge any aspect of the guilty plea proceedings except his sentence. Thus, his conviction is affirmed, and the cause is remanded for resentencing.

The judgment of the circuit court of Lake County is affirmed in part and reversed in part, and the cause is remanded to the circuit court for the imposition of a nonextended-term sentence.

Affirmed in part; reversed in part and remanded.

McLAREN, J., concurs.

JUSTICE RATHJE, dissenting:

I disagree with the majority's holding that a defendant need only file a motion to reconsider sentence and is not required to move to withdraw his guilty plea where the trial court exercised any discretion in imposing the sentence. In support of this holding, the majority maintains that *Evans* left open the question of the proper procedure to be followed where a defendant enters a partially negotiated guilty plea. I disagree.

In *Evans*, our supreme court spoke in terms of "open guilty pleas," that is, where "defendants pled guilty without receiving any promise from the State in return." *Evans*, 174 Ill. 2d at 332. It is following an open plea that the trial court exercises its discretion and determines the sentence to be imposed. *Evans*, 174 Ill. 2d at 332. The only other kind of plea referred to in *Evans* is a "negotiated plea." I find the language "without receiving any promises from the State in return" to be significant. 174 Ill. 2d at 332. It clearly means that a plea agreement in which any concession is made by the State, regardless of

whether it affects the number of years the defendant will serve or not, is a negotiated plea agreement. My reading of *Evans* evidences no intention on the part of the supreme court to create a third category of guilty pleas. See also *People v. Economy*, 291 Ill. App. 3d 212 (1997).

Thus, until the supreme court holds otherwise, I will continue to follow the views expressed in *Rice* (291 Ill. App. 3d 9). As was the case in *Rice*, at the time of the defendant's guilty plea in this case, *Evans* had not yet been decided, and therefore neither the trial court nor the defendant in this case had the benefit of *Evans'* clarification of the law regarding the procedural requirements related to challenges to sentences imposed following negotiated pleas. Therefore, I would reverse and remand this cause to permit the defendant to file a motion to withdraw his guilty plea. See *Rice*, 291 Ill. App. 3d 9. I would not reach the issue of whether an extended-term sentence was properly imposed in this case.