NOTICE

Decision filed 06/03/22. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2022 IL App (5th) 210120-U

NO. 5-21-0120

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 18-CF-363 |
| | ) | |
| RAYMOND J. SCHNEIDER, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Boie and Justice Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the circuit court's denial of defendant's *pro se* petition for relief from judgment, where defendant lacks standing to raise a facial constitutional challenge to a criminal statute under which he was not convicted.

¶ 2    Defendant, Raymond J. Schneider, pled guilty to one count of unlawful possession of a weapon by a felon (UUWF) (720 ILCS 5/24-1.1 (West 2018)) in a negotiated plea agreement that included the dismissal of an additional charge. Shortly after the plea hearing, the Jefferson County circuit court entered a judgment of conviction and sentenced him to six years in prison. Defendant later filed a *pro se* petition for relief from judgment, which the court denied. Defendant appeals, arguing that the provision of the unlawful use of a weapon (UUW) statute set forth in section 24-1(a)(10) of the Criminal Code of 2012 (Criminal Code) (*id.* § 24-1(a)(10)) is facially

1

unconstitutional where it "violates the individual right conferred by" the second amendment. We affirm.

¶ 3                                                    I. Background

¶ 4        On August 6, 2018, the State charged defendant by information with UUWF (count I), a Class 2 felony (*id.* § 24-1.1), and unlawful possession of hypodermic syringe or needle (count II), a Class A misdemeanor (720 ILCS 635/1 (West 2018)). Relevant to this appeal, as to count I, the State alleged that on or about August 4, 2018, defendant committed the offense of UUWF in that defendant, a person previously convicted of a Class 2 felony, knowingly carried upon his person a stun gun within the corporate limits of the city of Mt. Vernon, Illinois. On August 24, 2018, a grand jury indicted defendant of the same. Defendant ultimately pled guilty to count I, UUWF, in a negotiated plea agreement that included the dismissal of count II. Following the plea hearing, the circuit court sentenced defendant to six years in prison with two years of mandatory supervised release.

¶ 5        On August 22, 2019, defendant, proceeding *pro se*, filed a petition for relief from judgment under section 2-1401 of the Code of Civil Procedure. 735 ILCS 5/2-1401 (West 2018). In the petition, defendant noted that, following the entry of his guilty plea, the Illinois Supreme Court rendered its decision in *People v. Webb*, 2019 IL 122951, wherein the court held section 24-1(a)(4) of the UUW statute (720 ILCS 5/24-1(a)(4) (West 2018)) was facially unconstitutional under the second amendment. Defendant argued that *Webb* applied in his case, where his conviction of UUWF under section 24-1.1 (*id.* § 24-1.1) required a violation of section 24-1 (*id.* § 24-1).

¶ 6        The State filed a response, noting that *Webb* held an absolute ban on stun guns violated the second amendment to the United States Constitution (U.S. Const., amend. II). The State argued that defendant was not charged under the portion of the statute banning stun guns but was charged

2

under the portion of the statute that applied only to felons. Defendant filed a *pro se* reply, arguing that the UUWF statute under which he was convicted required the State to prove that he possessed a weapon prohibited under section 24-1 of the UUW statute. The issue proceeded to a hearing on January 25, 2021, where defendant proceeded *pro se*. Following arguments from the parties, the circuit court took the matter under advisement.

¶ 7     On February 18, 2021, the circuit court entered an order denying defendant's petition for relief from judgment, finding *Webb* neither applied to UUWF nor held that a felon could legally possess a stun gun.

¶ 8     This timely appeal followed.

¶ 9                                II. Analysis

¶ 10    On appeal, defendant challenges the circuit court's denial of his section 2-1401 petition for relief from judgment. Defendant, relying on *Webb*, 2019 IL 122951, argues that the provision of the UUW statute set forth in section 24-1(a)(10) of the Criminal Code, prohibiting the possession or carriage of a stun gun or taser in public, is facially unconstitutional where it violates the individual right conferred by the second amendment to bear arms outside the home for the purpose of self-defense. The State responds that defendant lacks standing to challenge section 24-1(a)(10), where he pled guilty to UUWF, a violation of section 24-1.1. We agree with the State and affirm.

¶ 11    This court reviews the dismissal of a section 2-1401 petition *de novo*. *People v. Bradley*, 2017 IL App (4th) 150527, ¶ 13. However, first, we must consider defendant's standing to challenge section 24-1(a)(10) of the UUW statute.

¶ 12    We find the Illinois Supreme Court's decision in *People v. Chairez*, 2018 IL 121417, instructive on the issue of standing. In *Chairez* (*id.* ¶ 13), the Illinois Supreme Court determined that the defendant lacked standing to challenge the constitutionality of certain subsections of the

3

UUW statute, where the defendant was neither charged nor convicted under those subsections. Specifically, the supreme court concluded that where the defendant was convicted of possessing a firearm within 1000 feet of a public park under section 24-1(a)(4), (c)(1.5), the defendant lacked standing to challenge the constitutionality of the other "specific places" offenses set forth in section 24-1(c)(1.5). *Id*. Similarly, here, defendant pled guilty to UUWF, a violation of section 24-1.1, but he raises a constitutional challenge to section 24-1(a)(10) of the UUW statute. Thus, we agree with the State and find that defendant lacks standing to raise a facial constitutional challenge to the portion of a criminal statute under which he was not convicted. See *People v. Ashley*, 2020 IL 123989, ¶ 94 ("Generally, a party may not raise, and a court will not consider, a constitutional challenge to a statutory provision that does not affect that party.").

¶ 13    In support of his position, defendant points to *Webb*, 2019 IL 122951, which we find readily distinguishable from this case. *Webb* involved two separate defendants charged under the same statute. Specifically, in *Webb*, the State charged the defendant with violating section 24-1(a)(4) of the UUW statute after he was discovered carrying a stun gun in his jacket pocket while in his vehicle on a public street. *Id.* ¶ 3. The State charged the other defendant by complaint with violating section 24-1(a)(4) after he was found carrying a stun gun in his backpack in a public forest preserve. *Id*. Both defendants filed motions to dismiss, arguing that section 24-1(a)(4) operated as a complete ban on the carriage of stun guns and tasers in public and was therefore unconstitutional under the second amendment. *Id*. The circuit court agreed, concluding that stun guns and tasers were bearable arms entitled to second amendment protection. *Id.* ¶ 4. The State appealed both judgments directly to the Illinois Supreme Court. *Id.* ¶ 1. The Illinois Supreme Court affirmed, first determining that stun guns and tasers were bearable arms that fell within the protection afforded by the second amendment. *Id.* ¶ 10. The supreme court also concluded that

4

section 24-1(a)(4) "sets forth a comprehensive ban that categorically prohibits possession and carriage of stun guns and tasers in public." *Id.* ¶ 20.

¶ 14 Unlike *Webb*, in the instant cause, defendant did not enter a guilty plea pursuant to the UUW statute. Rather, he pled guilty to UUWF pursuant to section 24-1.1 of the UUWF statute. Therefore, in the instant cause, the ban on firearms applies only to felons and is not a blanket ban as set forth in section 24-1(a)(4) and examined by *Webb*.

¶ 15 The Illinois Supreme Court clarified that the offense of UUWF created by section 24-1.1 and the offense of UUW created by section 24-1 are "separate, independent offenses." *People v. Gonzalez*, 151 Ill. 2d 79, 87 (1992). The court in *Gonzalez* explained:

> "In enacting section 24-1.1, the legislature determined that it should be a crime for a felon to possess *any* firearm, in *any* situation. In enacting section 24-1, the legislature decided that it should be criminal for persons other than those exempted by section 24-2 to possess *certain* weapons in *certain*, *defined manners*. Accordingly, under this scheme, it is *always* a felony offense for a *felon* to possess a firearm even though a nonfelon who possesses the same firearm in the same manner may be guilty of only a misdemeanor or of no crime at all, depending on the facts." (Emphases in original.) *Id.* at 87-88.

As such, the supreme court concluded that "section 24-1.1 is *not* merely an 'upgraded' version of the offense created by section 24-1; rather, it is a separate, distinct offense." (Emphasis in original.) *Id.* at 88. Therefore, based on *Gonzalez*, we reject defendant's argument that his UUWF conviction was based on the prohibition against possessing stun guns on public streets contained in the UUW statute, where the UUWF statute separately prohibits felons from possessing stun guns at any location.

¶ 16 Therefore, we hold that defendant lacks standing to raise a constitutional challenge to section 24-1(a)(10) of the UUW statute, where defendant pled guilty to UUWF under section 24-1.1. As such, the circuit court properly denied defendant's petition for relief from judgment. Having concluded that defendant lacks standing, we decline to address the merits of his appeal.

5

¶ 17                                III. Conclusion

¶ 18    For the reasons stated above, we affirm the circuit court's denial of defendant's petition for

relief from judgment.


¶ 19    Affirmed.