THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRENCE J. WILLIAMS, Defendant-Appellant.

Second District   No. 2—95—0018

Opinion filed March 21, 1997.

RATHJE, J., dissenting in part and concurring in part.

Daniel M. Kirwan and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

David R. Akemann, State's Attorney, of St. Charles (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE GEIGER delivered the opinion of the court:

Following a jury trial, the defendant, Terrence Williams, was convicted of unlawful use of a weapon by a felon (UUW) (720 ILCS 5/24—1.1 (West 1994)), four counts of aggravated discharge of a firearm (720 ILCS 5/24—1.2(a)(2) (West 1994)), and involuntary manslaughter (720 ILCS 5/9—3 (West 1994)). He was sentenced to 12 years' imprisonment on each count of aggravated discharge of a firearm, 4 years' imprisonment for involuntary manslaughter, and 5 years' imprisonment for UUW, all sentences to run concurrently.

The defendant appeals, raising the following issues: (1) whether the jury verdicts were legally inconsistent; (2) whether the trial court erred when it refused to instruct the jury on the offense of reckless conduct; and (3) whether the trial court abused its discretion in sentencing the defendant to 12 years' imprisonment on each count of aggravated discharge of a firearm. We affirm.

Due to the length of the record in this case, we will set forth only those facts necessary to an understanding of the issues to be resolved in this case.

According to the testimony at trial, the defendant and the victim, Steven Potts, had a confrontation at an apartment complex. According to the defendant, after the confrontation and as he was leaving the building, he heard the victim say, "I got you, nigger." The victim then fired a shot. The defendant turned around and fired his gun six times with his eyes closed. According to the defendant, he fired into the air "above their heads" because he wanted to protect himself and make the victim run away. One of the shots struck and killed Steven Potts. The defendant's gun was a nine millimeter which held six cartridges.

Two of the victim's brothers and a friend of the victim were present and witnessed the incident. Each witness had a different version of the above events. Jeff Potts testified that he heard the defendant say, "I got you mother fuckers now," and then the defendant opened fire. According to Jeff, he heard seven shots fired. The other witnesses heard the gunshots but did not see who fired the gun. A defense witness testified he saw a gun in the victim's possession earlier in the evening. However, no gun was found on or near the victim's body.

The defendant's first argument on appeal is that the jury verdicts finding him guilty of involuntary manslaughter and aggravated discharge of a firearm are legally inconsistent because they required the jury to determine that the defendant's mental state was both reckless and knowing at the same time.

■ Legally inconsistent verdicts cannot stand because they are unreliable. *People v. Fornear*, 283 Ill. App. 3d 171, 176 (1996), *appeal allowed*, 169 Ill. 2d 576 (1996). At a minimum, such verdicts suggest confusion or misunderstanding on the part of the jury. *People v. Klingenberg*, 172 Ill. 2d 270, 281 (1996). Where inconsistent guilty verdicts are returned, the defendant is entitled to a reversal of the convictions and a new trial on all counts. *People v. Spears*, 112 Ill. 2d 396, 407 (1986). Guilty verdicts are legally inconsistent if they indicate the jury's finding of mutually inconsistent mental states relating to the same conduct. *Spears*, 112 Ill. 2d at 407-08.

■ A person commits the offense of involuntary manslaughter when he unintentionally kills an individual without lawful justification "if his acts whether lawful or unlawful which cause the death are such as are likely to cause death or great bodily harm to some individual, and *he performs them recklessly*." (Emphasis added.) 720 ILCS 5/9—3(a) (West 1994). The state of mind for involuntary manslaughter is recklessness. *People v. Lee*, 256 Ill. App. 3d 856, 860 (1993). A person acts recklessly "when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow." 720 ILCS 5/4—6 (West 1994).

■ In contrast, a person commits aggravated discharge of a firearm when he "knowingly or intentionally *** [d]ischarges a firearm in the direction of another person or in the direction of a vehicle he knows to be occupied." 720 ILCS 5/24—1.2(a)(2) (West 1994). The mental state required for that offense is that of " 'knowingly or intentionally' discharg[ing] a firearm under various described circumstances." *People v. Folks*, 273 Ill. App. 3d 126, 133 (1995). A person acts knowingly when "he is consciously aware" of the nature of his conduct or the results of his conduct. 720 ILCS 5/4—5(a) (West 1994).

In determining whether the requisite mental states for the offenses of involuntary manslaughter and aggravated discharge of a firearm are legally compatible, we rely on this court's recent decision in *People v. Fornear*, 283 Ill. App. 3d 171 (1996). In *Fornear*, the defendant was charged with and convicted of both reckless conduct and aggravated discharge of a firearm. 283 Ill. App. 3d at 173. On appeal, relying on *People v. Spears*, 112 Ill. 2d 396 (1986), the defendant argued that the mental state of intent or knowledge required for the offense of aggravated discharge of a firearm was irreconcilably inconsistent with the mental state of recklessness required for the offense of reckless conduct. *Fornear*, 283 Ill. App. 3d at 177.

On appeal, we examined the statutory definitions of intent (720 ILCS 5/4—4 (West 1992)), knowledge (720 ILCS 5/4—5 (West 1992)), and recklessness (720 ILCS 5/4—6 (West 1992)) and noted that, depending upon the elements of the particular offense in question, the *mens rea* requirement may vary according to wholly separate aspects of the offense. *Fornear*, 283 Ill. App. 3d at 178. For example, certain offenses are concerned only with the accused's intentional or knowing performance of certain proscribed acts, whereas other offenses are concerned with the intentional or knowing accomplishment of a certain result or inflicting a specific consequence. *Fornear*, 283 Ill. App. 3d at 178. Applying these considerations to the offenses of aggravated discharge of a firearm and reckless conduct, we found that the two verdicts were not inconsistent, noting:

> "Aggravated discharge of a firearm *** is a clear example of a general intent crime. Its elements require only that the offender intentionally or knowingly perform the prohibited act, *i.e.*, pull the trigger while the firearm is pointed in the direction of a person. It is not an element of this offense that the offender intend to produce a consequence or accomplish a result, such as infliction of death or injury to the victim.
> ***
> [A]n offender who endangers another by reckless conduct intentionally or knowingly performs the endangering acts, such as discharging a firearm. However, as opposed to intending to accomplish a result or knowing that his actions are practically certain to cause that result, the offender acts, instead, with a conscious indifference to the consequences of his intentional acts. For example, a defendant who intentionally throws a bowling ball out the window of a 10-story apartment may be guilty of reckless conduct if the ball endangers or injures a pedestrian on the sidewalk below. This defendant has consciously disregarded a substantial and unjustifiable risk that injury or endangerment would follow from the act. [Citation.] Although the defendant has

intended to throw the ball, he has not intended the consequences." *Fornear*, 283 Ill. App. 3d at 178-79.

In *Fornear*, we noted that our decision was not contrary to our supreme court's holding in *People v. Spears*, 112 Ill. 2d 396 (1986), due to the different offenses charged in the two cases. *Fornear*, 283 Ill. App. 3d at 178. In *Spears*, our supreme court held that guilty verdicts of attempted murder and reckless conduct were legally inconsistent. *Spears*, 112 Ill. 2d at 406-07. We explained:

"[I]n *Spears*, the crime of attempted murder entails a specific intent to inflict a consequence, the victim's death. It is apparent, therefore, that such intent is inconsistent with the mental state of recklessness, which contemplates that the offender act only with a conscious indifference to the consequences. The two mental states are mutually exclusive. It is an evident contradiction to assume that a defendant could specifically intend to kill his victim, as required for attempted murder, while at the same time act merely recklessly, as required for reckless conduct." *Fornear*, 283 Ill. App. 3d at 178.

We therefore found that *Spears* was distinguishable from *Fornear* and concluded that the verdicts of aggravated discharge of a firearm and reckless conduct were not inconsistent. *Fornear*, 283 Ill. App. 3d at 179.

■ In the case before us, the defendant was convicted of involuntary manslaughter and four counts of aggravated discharge of a firearm. As in *Fornear*, we do not believe that the mental states of knowledge and recklessness required in these offenses are inconsistent. The offense of aggravated discharge of a firearm required only that the jury find that the defendant knowingly and intentionally performed the act of firing the pistol in the direction of the victim. Assuming the jurors also found that defendant intentionally fired the weapon with a conscious disregard that his conduct created a substantial and unjustifiable risk of death or great bodily harm to the victim, they could have properly concluded that defendant was guilty of both aggravated discharge of a firearm and involuntary manslaughter. Discharging a firearm in the direction of another person, with no intent to kill or wound, can constitute involuntary manslaughter. *People v. Fernetti*, 117 Ill. App. 3d 44, 49 (1983), *rev'd on other grounds*, 104 Ill. 2d 19 (1984); *People v. Schwartz*, 64 Ill. App. 3d 989, 993-94 (1978); *People v. Kelly*, 24 Ill. App. 3d 1018, 1024 (1975). Under the circumstances of this case, we hold that there is no inconsistency between the verdicts.

The defendant's next contention on appeal is that the trial court erred in refusing to give a jury instruction on the offense of reckless

conduct (720 ILCS 5/12—5 (West 1994)). The defendant argues that reckless conduct is a lesser included offense of aggravated discharge of a firearm.

■ Section 2—9 of the Criminal Code of 1961 defines an included offense as an offense that "[i]s established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged." 720 ILCS 5/2—9 (West 1994).

In *People v. Novak*, 163 Ill. 2d 93 (1994), our supreme court adopted the "charging instrument approach" to identify a lesser included offense. This approach looks to the facts alleged in the charging instrument in identifying a lesser included offense. *Novak*, 163 Ill. 2d at 107. Under this approach, an offense is deemed to be a lesser included offense if it is described by the charging instrument. *Novak*, 163 Ill. 2d at 107.

The charging instrument approach does not require the lesser crime to be a theoretically or practically "necessary" part of the greater crime. *Novak*, 163 Ill. 2d at 107. Rather, the lesser crime need only relate to the greater to the extent that the charging instrument describes the lesser. *Novak*, 163 Ill. 2d at 107. The " 'lesser offense must have a broad foundation in the instrument charging the greater,' or at least 'set out the main outline of the lesser offense.' " *Novak*, 163 Ill. 2d at 107, quoting *People v. Bryant*, 113 Ill. 2d 497, 505 (1986).

■ In this case, the counts of the indictment charging the defendant with aggravated discharge of a firearm stated, in pertinent part, that the "defendant[ ] knowingly discharged a pistol in the direction of" the victim. The offense of reckless conduct is defined as follows:

> "A person who causes bodily harm to or endangers the bodily safety of an individual by any means, commits reckless conduct if he performs recklessly the acts which cause the harm or endanger safety, whether they otherwise are lawful or unlawful." 720 ILCS 5/12—5(a) (West 1994).

■ Based upon the charging instrument approach, we conclude that the offense of reckless conduct is a lesser included offense of aggravated discharge of a firearm. The act of discharging a pistol in the direction of an individual is a reckless act that would, if nothing else, endanger the safety of an individual. The only change to the instant indictment that would be necessary in order to establish the offense of reckless conduct would be to replace the mental state of knowledge with the less culpable mental state of recklessness. Therefore, we conclude that the indictment in this case does describe the foundation of the offense of reckless conduct. See 720 ILCS 5/2—9 (West 1994); *Novak*, 163 Ill. 2d at 107.

However, the identification of a lesser included offense does not automatically give rise to a correlative right to have the jury instructed on the lesser offense. *Novak*, 163 Ill. 2d at 108. A defendant is entitled to a lesser included offense instruction only if the evidence would permit a jury rationally to find the defendant guilty of the lesser included offense and acquit him or her of the greater offense. *Novak*, 163 Ill. 2d at 108. A lesser included offense instruction is not proper where, on the evidence presented at trial, the factual issues to be resolved are the same as to both the lesser and greater offenses. *Novak*, 163 Ill. 2d at 108. A lesser included offense instruction is proper only where the charged greater offense requires the jury to find a disputed factual element that is not required for conviction of the lesser included offense. *Novak*, 163 Ill. 2d at 108.

This evidentiary requirement is usually satisfied by the presentation of conflicting testimony on the element that distinguishes the greater offense from the lesser offense. *Novak*, 163 Ill. 2d at 108. However, where the testimony is not conflicting, this requirement may be satisfied if the conclusion as to the lesser offense may fairly be inferred from the evidence presented. *Novak*, 163 Ill. 2d at 108. The amount of evidence necessary to meet this factual requirement, *i.e.*, that tends to prove the lesser offense rather than the greater, has been described as "any," "some," "slight," or "very slight." *Novak*, 163 Ill. 2d at 108-09.

■ In the case before us, there was no evidence to support the giving of an instruction on the lesser offense of reckless conduct. Although we are aware of the defendant's testimony that he closed his eyes at the time he discharged the weapon, he later admitted during cross-examination that he fired in the victim's direction. Specifically, we note the following exchange:

"STATE'S ATTORNEY: You actually turned around to face the guy whose [*sic*] got a gun and is already shooting you. Is that what you did?

THE DEFENDANT: I turned around and shot.

\* \* \*

STATE'S ATTORNEY: What were you pointing at when you shot these shots to scare [the victim]?

THE DEFENDANT: Towards the air.

STATE'S ATTORNEY: Up in the air?

THE DEFENDANT: No, towards this way. (Indicating)

STATE'S ATTORNEY: Straight at those guys; right?

THE DEFENDANT: No, towards the air.

STATE'S ATTORNEY: Over their heads.

THE DEFENDANT: Yeah.

STATE'S ATTORNEY: You didn't aim your gun down?
THE DEFENDANT: No."

Such testimony confirms that the defendant knowingly discharged the weapon in the direction of another individual; by aiming to shoot over the victim's head, the defendant necessarily fired the gun in the direction of the victim. As the defendant admitted to possessing the requisite mental state for the offense of aggravated discharge of a firearm, we conclude that the jury could not have rationally acquitted him of that offense while finding him guilty of reckless conduct. See *Novak*, 163 Ill. 2d at 108. We therefore find that the trial court properly refused the instruction on reckless conduct.

■ The defendant's final contention on appeal is that the trial court abused its discretion in sentencing the defendant to 12 years' imprisonment on each count of aggravated discharge of a firearm. Specifically, the defendant argues that the trial court failed to consider the excessive hardship that a lengthy sentence would cause to his dependents. At the time of sentencing, the defendant supported five minor children, and his wife had recently been diagnosed with stomach cancer. The defendant has no health insurance, and his employment as a welder is his family's only source of income.

Contrary to the State's assertions, this issue has not been waived on appeal. In order to preserve a sentencing issue on appeal, the defendant must file a post-sentencing motion. *People v. Hess*, 241 Ill. App. 3d 276, 283 (1993). In the instant case, the defendant raised this sentencing issue in his motion to reconsider sentence, as well as in his written sentencing memorandum. Defense counsel also argued the issue during the sentencing hearing, which took place immediately preceding the hearing on the motion to reconsider sentence. We therefore will address the merits of this argument on appeal.

Absent an abuse of discretion by the trial court, a defendant's sentence will not be altered upon review. *People v. Gonzalez*, 151 Ill. 2d 79, 89 (1992). A trial court's discretion in sentencing a defendant is entitled to great deference and weight. *People v. Cord*, 239 Ill. App. 3d 960, 968 (1993). A reviewing court may not substitute its judgment for that of the trial court merely because it would have weighed the factors in aggravation and mitigation differently. *Cord*, 239 Ill. App. 3d at 968.

The trial judge made the following comments at the sentencing hearing regarding this mitigation factor:

"Imprisonment of the defendant would entail excessive hardship to his dependents. I've looked over the presentence report and listened to the arguments. I do not find that excessive hardship to the dependents would be made."

The defendant argues that, in light of the circumstances described above, this finding was improper and that his sentences should therefore be reduced to the minimum statutory term.

We acknowledge that the trial court's statement is somewhat sparse and unclear. However, after a thorough review of the record, we conclude that the trial court did consider the probable hardship on the defendant's dependents, but concluded that such hardship would not be excessive. It is evident that the trial court concluded that any potential hardship to the defendant's dependents would be outweighed by the other factors supporting a lengthy prison sentence, such as deterrence and the necessity to protect the public. The defendant has an extensive criminal history, which includes convictions of burglary, unlawful use of a weapon by a felon, unlawful possession of a controlled substance, retail theft, resisting or obstructing a peace officer, criminal damage to property, disorderly conduct, battery, and aggravated assault.

We note that it can almost always be argued that any prison sentence will result in excessive hardship to the defendant's family. This court has held that the existence of such a mitigating factor does not obligate the trial court to impose the minimum sentence. *People v. Young*, 250 Ill. App. 3d 55, 65 (1993). Therefore, after a careful review of the record, we conclude that the trial court properly weighed and considered all appropriate sentencing factors and did not abuse its discretion in sentencing the defendant to 12 years' imprisonment on each count of aggravated discharge of a firearm.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

THOMAS, J., concurs.

JUSTICE RATHJE, dissenting in part and specially concurring in part:

I respectfully dissent in part. I believe that the defendant in this cause is entitled to a new trial on the involuntary manslaughter and aggravated discharge of a firearm charges for the reasons set forth in my dissent in *People v. Fornear. People v. Fornear*, 283 Ill. App. 3d 171, 181-83 (1996) (Rathje, J., dissenting). I note that our supreme court has granted leave to appeal in *Fornear* (283 Ill. App. 3d 171, *appeal allowed*, 169 Ill. 2d 576 (1996)).

I agree with the majority's conclusion that reckless conduct is a lesser included offense of aggravated discharge of a firearm. However,

I disagree with the majority's conclusion that there is no evidence in the record to support the giving of an instruction on reckless conduct in this cause. The majority quotes a portion of the defendant's testimony and concludes, on the basis of that testimony, that "by aiming to shoot over the victim's head, the defendant necessarily fired the gun in the direction of the victim." 287 Ill. App. 3d at 270. The majority then concludes that the defendant therefore admitted possessing the requisite mental state for the offense of aggravated discharge of a firearm, and thus the jury could not have rationally acquitted him of that offense while finding him guilty of reckless conduct. I disagree.

The amount of evidence necessary to prove the lesser offense rather than the greater offense is described as "any," "some," "slight," or "very slight." *People v. Novak,* 163 Ill. 2d 93, 108-09 (1994). In his testimony, the defendant admitted firing into the air above the head of Potts and the other victims. Nowhere does the defendant admit that he fired at the victims.

> "STATE'S ATTORNEY: Straight at those guys; right?
> THE DEFENDANT: No, towards the air.
> STATE'S ATTORNEY: Over their heads.
> THE DEFENDANT: Yeah.
> STATE'S ATTORNEY: You didn't aim your gun down?
> THE DEFENDANT: No."

Whether the defendant's firing the gun in the air, over the heads of the victims with his eyes closed, constitutes firing the gun in the direction of the victim or victims in this cause is a factual question to be resolved by the finder of fact: in this case, the jury.

I would conclude that there was some evidence in the record here from which it could be inferred that the defendant was guilty of reckless conduct and that the jury should have been instructed as to the offense of reckless conduct.

Since I would not reach the sentencing issue raised in this cause, I would offer no comment on the majority's disposition of that issue.

Based upon the foregoing errors, I would reverse and remand this cause for a new trial.