THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRENCE J. WILLIAMS, Defendant-Appellant.

Second District    No. 2—95—0018

Opinion filed November 21, 1997.—Rehearing denied January 15, 1998.

Daniel M. Kirwan and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

David R. Akemann, State's Attorney, of St. Charles (John X. Breslin and Domenica A. Osterberger, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE GEIGER delivered the opinion of the court:

On March 21, 1997, this court filed its opinion in the above-entitled case. See *People v. Williams*, 287 Ill. App. 3d 262 (1997). In that opinion, we affirmed defendant Terrence Williams' convictions and sentence. On October 1, 1997, our supreme court denied the defendant's petition for leave to appeal. However, the supreme court's order also provided:

"In the exercise of this Court's supervisory authority, the Appel-

late Court, Second District, is directed to vacate the judgment entered in case No. 2—95—0018 (March 21, 1997), and to reconsider the cause in light of *People v. Fornear*, 176 Ill. 2d 523 (1997)."

Pursuant to this order, we vacate our earlier opinion and reconsider the merits of the defendant's appeal.

Following a jury trial, the defendant was convicted of unlawful use of a weapon by a felon (UUW) (720 ILCS 5/24—1.1 (West 1994)), four counts of aggravated discharge of a firearm (720 ILCS 5/24—1.2(a)(2) (West 1994)), and involuntary manslaughter (720 ILCS 5/9—3 (West 1994)). He was sentenced to 12 years' imprisonment on each count of aggravated discharge of a firearm, 4 years' imprisonment for involuntary manslaughter, and 5 years' imprisonment for UUW, all sentences to run concurrently.

On appeal, the defendant raises the following issues: (1) whether the jury verdicts were legally inconsistent; (2) whether the trial court erred when it refused to instruct the jury on the offense of reckless conduct; and (3) whether the trial court abused its discretion in sentencing the defendant to 12 years' imprisonment on each count of aggravated discharge of a firearm.

According to the testimony at trial, the defendant and the victim, Steven Potts, had a confrontation at an apartment complex. According to the defendant, after the confrontation and as he was leaving the building, he heard the victim say, "I got you, nigger." The victim then fired a shot. The defendant turned around and fired his gun six times with his eyes closed. According to the defendant, he fired into the air "above their heads" because he wanted to protect himself and make the victim run away. One of the shots struck and killed the victim. The defendant's gun was a nine millimeter which held six cartridges.

Two of the victim's brothers and a friend of the victim were present and witnessed the incident. Each witness had a different version of the events. Jeff Potts testified that he heard the defendant say, "I got you mother f------ now," and then the defendant opened fire. According to Jeff, he heard seven shots fired. The other witnesses heard the gunshots but did not see who fired the gun. A defense witness testified he saw a gun in the victim's possession earlier in the evening. However, no gun was found on or near the victim's body.

The defendant's first argument on appeal is that the jury verdicts finding him guilty of involuntary manslaughter and aggravated discharge of a firearm are legally inconsistent because they required the jury to determine that the defendant's mental state was both reckless and knowing at the same time.

■ Legally inconsistent verdicts cannot stand because they are unreliable. *People v. Spears*, 112 Ill. 2d 396, 406-07 (1986). At a minimum, such verdicts suggest confusion or misunderstanding on the part of the jury. *People v. Klingenberg*, 172 Ill. 2d 270, 281 (1996). Where inconsistent guilty verdicts are returned, the defendant is entitled to a reversal of the convictions and a new trial on all counts. *Spears*, 112 Ill. 2d at 407. Guilty verdicts are legally inconsistent if they indicate the jury's finding of mutually inconsistent mental states relating to the same conduct. *Spears*, 112 Ill. 2d at 407-08.

■ A person commits the offense of involuntary manslaughter when he unintentionally kills an individual without lawful justification "if his acts whether lawful or unlawful which cause the death are such as are likely to cause death or great bodily harm to some individual, and *he performs them recklessly*." (Emphasis added.) 720 ILCS 5/9—3(a) (West 1994). The state of mind for involuntary manslaughter is recklessness. *People v. Lee*, 256 Ill. App. 3d 856, 860 (1993). A person acts recklessly "when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow." 720 ILCS 5/4—6 (West 1994).

■ In contrast, a person commits aggravated discharge of a firearm when he "knowingly or intentionally *** [d]ischarges a firearm in the direction of another person or in the direction of a vehicle he knows to be occupied." 720 ILCS 5/24—1.2(a)(2) (West 1996). The mental state required for that offense is that of " 'knowingly or intentionally' discharg[ing] a firearm under various described circumstances." *People v. Folks*, 273 Ill. App. 3d 126, 133 (1995). A person acts knowingly when "he is consciously aware" of the nature of his conduct or the results of his conduct. 720 ILCS 5/4—5(a) (West 1994).

■ In *People v. Fornear*, 176 Ill. 2d 523, 531 (1997), our supreme court specifically addressed whether the mental states of recklessness and knowledge are mutually inconsistent. In that case, the defendant was charged and convicted of both reckless conduct and aggravated discharge of a firearm. *Fornear*, 176 Ill. 2d at 525. On appeal, the defendant argued that the mental state of intent or knowledge required for the offense of aggravated discharge of a firearm was irreconcilably inconsistent with the mental state of recklessness required for the offense of reckless conduct. *Fornear*, 176 Ill. 2d at 530.

After reviewing its decision in *People v. Spears*, 112 Ill. 2d 396 (1986), the supreme court reversed the defendant's convictions as being legally inconsistent. The supreme court stated:

"[T]he argument that the mental states involved herein are not mutually inconsistent, because the mental state of knowledge

'includes' the mental state of recklessness, was raised and rejected in *Spears*. [Citation.] As the *Spears* court explained: 'The fatal flaw in this argument is that it totally blurs the distinction between the mental state of knowledge and the less culpable mental state of recklessness by assuming that the two invariably coexist.' *Spears*, 112 Ill. 2d at 408. We continue to adhere to the holding of *Spears*, and its predecessor, *People v. Hoffer*, 106 Ill. 2d 186 (1985), that recklessness and knowledge are mutually inconsistent culpable mental states." *Fornear*, 176 Ill. 2d at 531.

■ In the case before us, the defendant was convicted of involuntary manslaughter and four counts of aggravated discharge of a firearm. As these counts contain the inconsistent mental states of recklessness and knowledge, the convictions cannot stand. *Fornear*, 176 Ill. 2d at 531. "When a jury returns inconsistent guilty verdicts, the trial judge has a duty to send the jury back for further deliberations after additional instructions to resolve the inconsistency." *People v. Porter*, 168 Ill. 2d 201, 214 (1995). As the trial court herein failed to send the jury back for further deliberations to resolve the inconsistent verdicts, the convictions must be reversed and the cause remanded for a new trial on the involuntary manslaughter and aggravated discharge of a firearm charges. *Fornear*, 176 Ill. 2d at 535.

The defendant's next contention on appeal is that the trial court erred in refusing to give a jury instruction on the offense of reckless conduct (720 ILCS 5/12—5 (West 1994)). The defendant argues that reckless conduct is a lesser included offense of aggravated discharge of a firearm.

■ Section 2—9 of the Criminal Code of 1961 defines an included offense as an offense that "[i]s established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged." 720 ILCS 5/2—9 (West 1994).

In *People v. Novak*, 163 Ill. 2d 93 (1994), our supreme court adopted the "charging instrument approach" to identify a lesser included offense. This approach looks to the facts alleged in the charging instrument in identifying a lesser included offense. *Novak*, 163 Ill. 2d at 107. Under this approach, an offense is deemed to be a lesser included offense if it is described by the charging instrument. *Novak*, 163 Ill. 2d at 107.

The charging instrument approach does not require the lesser crime to be a theoretically or practically "necessary" part of the greater crime. *Novak*, 163 Ill. 2d at 107. Rather, the lesser crime need only relate to the greater to the extent that the charging instrument describes the lesser. *Novak*, 163 Ill. 2d at 107. The " 'lesser of-

fense must have a broad foundation in the instrument charging the greater,' or at least 'set out the main outline of the lesser offense.' " *Novak*, 163 Ill. 2d at 107, quoting *People v. Bryant*, 113 Ill. 2d 497, 505 (1986).

■ In this case, the counts of the indictment charging the defendant with aggravated discharge of a firearm stated, in pertinent part, that the "defendant[ ] knowingly discharged a pistol in the direction of" the victim. The offense of reckless conduct is defined as follows:

> "A person who causes bodily harm to or endangers the bodily safety of an individual by any means, commits reckless conduct if he performs recklessly the acts which cause the harm or endanger safety, whether they otherwise are lawful or unlawful." 720 ILCS 5/12—5(a) (West 1994).

Based upon the charging instrument approach, we conclude that the offense of reckless conduct is a lesser included offense of aggravated discharge of a firearm. The act of discharging a pistol in the direction of an individual is a reckless act that would, if nothing else, endanger the safety of an individual. The only change to the instant indictment that would be necessary in order to establish the offense of reckless conduct would be to replace the mental state of knowledge with the less culpable mental state of recklessness. Therefore, we conclude that the indictment in this case does describe the foundation of the offense of reckless conduct. See 720 ILCS 5/2—9 (West 1994); *Novak*, 163 Ill. 2d at 107.

However, the identification of a lesser included offense does not automatically give rise to a correlative right to have the jury instructed on the lesser offense. *Novak*, 163 Ill. 2d at 108. A defendant is entitled to a lesser included offense instruction only if the evidence would permit a jury rationally to find the defendant guilty of the lesser included offense and acquit him or her of the greater offense. *Novak*, 163 Ill. 2d at 108. A lesser included offense instruction is not proper where, on the evidence presented at trial, the factual issues to be resolved are the same as to both the lesser and greater offenses. *Novak*, 163 Ill. 2d at 108. A lesser included offense instruction is proper only where the charged greater offense requires the jury to find a disputed factual element that is not required for conviction of the lesser included offense. *Novak*, 163 Ill. 2d at 108.

This evidentiary requirement is usually satisfied by the presentation of conflicting testimony on the element that distinguishes the greater offense from the lesser offense. *Novak*, 163 Ill. 2d at 108. However, where the testimony is not conflicting, this requirement may be satisfied if the conclusion as to the lesser offense may fairly be inferred from the evidence presented. *Novak*, 163 Ill. 2d at 108.

The amount of evidence necessary to meet this factual requirement, *i.e.*, that tends to prove the lesser offense rather than the greater, has been described as "any," "some," "slight," or "very slight." *Novak*, 163 Ill. 2d at 108-09.

In the case before us, the defendant testified that, when he fired the gun, he closed his eyes and fired in the air "above their heads" in order to scare the victim away. At no time during the trial did the defendant admit that he knowingly fired the gun directly at the other men. Whether the defendant's firing the gun in the air, over the heads of the men with his eyes closed, constitutes firing the gun in the direction of another person is a factual question to be resolved by the finder of fact. We therefore conclude that there was some evidence in the record here from which it could have been inferred that the defendant was guilty of reckless conduct and that the jury should have been instructed as to that offense. See *Novak*, 163 Ill. 2d at 108.

Deciding the case as we do, we need not reach the sentencing issue raised by the defendant.

As the defendant does not contest his conviction and sentence for unlawful use of a weapon by a felon, that portion of the trial court's judgment is affirmed. However, the defendant's convictions and sentences for involuntary manslaughter and aggravated discharge of a firearm are reversed, and the cause is remanded for a new trial as to those offenses.

Affirmed in part and reversed in part; cause remanded with directions.

THOMAS and RATHJE, JJ., concur.