# Illinois Official Reports

## Appellate Court

*People v. Lane*, **2017 IL App (1st) 151988**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BENJAMIN LANE, Defendant-Appellant. |
| District & No. | First District, Fourth Division<br>Docket No. 1-15-1988 |
| Filed | March 23, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-DV-70879; the Hon. Laura Bertucci-Smith, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Gregory Walker, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Tasha-Marie Kelly, and Richard T. Passanisi, Jr., Assistant State's Attorneys, of counsel), for the People. |
| Panel | PRESIDING JUSTICE ELLIS delivered the judgment of the court, with opinion.<br>Justices McBride and Howse concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant Benjamin Lane was charged with domestic battery. After a bench trial, the court found him guilty of the uncharged offense of reckless conduct, finding that reckless conduct was a lesser-included offense of domestic battery. In this appeal, defendant argues that the trial court erred in making this finding. We disagree and hold that the trial court properly convicted defendant of reckless conduct.

¶ 2                                 I. BACKGROUND

¶ 3    The State charged defendant with domestic battery, alleging that he "knowingly or intentionally without legal justification caused bodily harm to Raven Austell[,] a family or household member," when he "struck *** Austell about the head causing injury."

¶ 4    At trial, Austell, defendant's ex-girlfriend, testified that she and defendant broke up on January 25, 2015. The next day, she went to defendant's apartment to get her keys back from him and to return defendant's parking pass. Austell said that she and defendant exchanged the items outside his apartment building while she sat in her car. Austell testified that, after they exchanged the items, defendant reached in through her open car window and punched her in the face. The Chicago police officer who responded to the scene testified that Austell had some bruising, redness, and minor swelling on her face.

¶ 5    Defendant denied punching Austell. He testified that he gave Austell her keys and that she reluctantly returned his parking pass to him.

¶ 6    The court found defendant guilty of reckless conduct, finding that defendant reached into the car to retrieve his parking pass and that, as he reached in, he hit Austell in the face. The court found that defendant "shouldn't have been struggling to get the pass, and that it was reckless."

¶ 7    Defendant filed a posttrial motion arguing that reckless conduct was not a lesser-included offense of domestic battery and, consequently, he could not be convicted of that uncharged offense. The court denied the motion. Defendant appeals.

¶ 8                                  II. ANALYSIS

¶ 9    Defendant's only argument on appeal is that he could not be convicted of reckless conduct, because it was not a lesser-included offense of domestic battery.

¶ 10    Because a defendant has a fundamental due process right to notice of the charges against him, he generally may not be convicted of an offense that he has not been expressly charged with committing. *People v. Clark*, 2016 IL 118845, ¶ 30. But a defendant may be convicted of an uncharged offense if it is a lesser-included offense of a crime expressly charged in the charging instrument and if the evidence at trial rationally supports a conviction on the lesser-included offense and an acquittal on the greater offense. *Id.*

¶ 11    To determine whether an uncharged offense is a lesser-included offense of a charge, we apply the "charging instrument" approach, wherein we determine whether the facts in the charging instrument include "a broad foundation or main outline of the lesser offense." *Id.* ¶ 31. The charging instrument need not explicitly state all of the elements of the lesser offense in order to meet this standard, so long as any missing elements can be reasonably inferred from the allegations. *Id.*

¶ 12    We apply *de novo* review to this issue. *Id.* ¶ 32.

¶ 13    Here, the State's domestic battery charge alleged that defendant "knowingly or intentionally without legal justification caused bodily harm to Raven Austell[,] a family or household member," when he "struck *** Austell about the head causing injury." The offense of reckless conduct occurs when a person "recklessly performs an act or acts that *** cause bodily harm to or endanger the safety of another person." 720 ILCS 5/12-5(a)(1) (West 2014).

¶ 14    The domestic-battery charge expressly said that defendant performed an act (striking Austell in the head) and that the act "caused bodily harm." Thus, the charging instrument expressly alleged that defendant committed one of the elements of reckless conduct, *i.e.*, performing an act that causes bodily harm.

¶ 15    The only difference between the charged offense and reckless conduct is the mental state. While the charging instrument alleged that defendant "knowingly or intentionally" struck Austell, reckless conduct requires that the defendant "recklessly" perform the act causing harm. *Id.* But this court has held that an allegation of recklessness may be inferred from an allegation of knowledge, since knowledge is a more culpable mental state than recklessness. See, *e.g.*, *People v. Willett*, 2015 IL App (4th) 130702, ¶ 63 (reckless conduct lesser-included offense of aggravated battery of child where indictment alleged that defendant " 'knowingly' " caused harm, which involved "a more culpable mental state than the mental state accompanying reckless conduct"); *People v. Williams*, 293 Ill. App. 3d 276, 281 (1997) (reckless conduct lesser-included of aggravated discharge of firearm where "[t]he only change to the *** indictment that would be necessary in order to establish the offense of reckless conduct would be to replace the mental state of knowledge with the less culpable mental state of recklessness"). Thus, the allegations of the charging instrument form the broad foundation or main outline of reckless conduct, satisfying the charging-instrument approach.

¶ 16    Defendant makes no argument that the evidence at trial did not support a charge of reckless conduct, thereby forfeiting that argument. See Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013) (appellant's brief must contain contentions of error with citations to relevant authority); *People v. Macias*, 2015 IL App (1st) 132039, ¶ 88 (failure to articulate ineffectiveness argument on appeal forfeited argument).

¶ 17    But even if defendant did not forfeit this argument, we would conclude that the evidence at trial rationally supported a finding that defendant struck Austell recklessly. Austell testified that defendant reached into her car window and punched her. Defendant denied punching Austell but said that she did not immediately relinquish his parking pass. The evidence also established that defendant and Austell had recently broken up. The trial court did not fully embrace either defendant's or Austell's version of the story, instead concluding that defendant reached into the car to take the pass from Austell, who was withholding it, and that he unintentionally hit her during the struggle for the pass. Given the testimony at trial, the court could rationally conclude that defendant unintentionally hit Austell's face while they fought over the parking pass and that defendant's attempt to forcibly take the pass constituted a conscious disregard of the risk that he would hit Austell during the struggle. See 720 ILCS 5/4-6 (West 2014) ("A person is reckless or acts recklessly when that person consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow *** and that disregard constitutes a gross deviation from the standard of care that a reasonable person would exercise in the situation."); see also *People v. Smith*, 2014 IL App (1st) 103436, ¶ 84 ("[T]he pointing of a loaded weapon at another and then the discharge of

that weapon after a struggle may constitute a reckless act." (Internal quotation marks omitted.)). Thus, the court properly found defendant guilty of reckless conduct, which was a lesser-included offense of domestic battery in this case.

¶ 18 Defendant acknowledges that "[r]eckless conduct has been held to be a lesser-included offense of Aggravated Battery," but notes that he was charged with domestic battery and that "[t]here is no specific case on point as to whether or not Reckless Conduct is specifically a lesser-included offense of Domestic Battery." But defendant gives us no further reason to distinguish a charge of aggravated battery from the charge of domestic battery in this case. We will not attempt to divine the rationale behind defendant's undeveloped argument; defendant has forfeited this argument. Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013); see also *People v. Oglesby*, 2016 IL App (1st) 141477, ¶ 205 ("The failure to cite any authority or to articulate an argument will result in forfeiture of that argument on appeal.").

¶ 19 Defendant also notes that domestic battery and reckless conduct carry the same sentencing ranges, as they are both Class A misdemeanors carrying a sentencing range of up to one year in prison. See 720 ILCS 5/12-3.2(b), 12-5(a)(1), (b) (West 2014); 730 ILCS 5/5-4.5-55(a) (West 2014). But defendant makes no argument that one offense may not be considered a lesser-included offense of another where they share the same sentencing ranges. He has forfeited any such argument. Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013); *Macias*, 2015 IL App (1st) 132039, ¶ 88.

¶ 20 And we note that, despite the sentencing ranges, domestic battery involves more culpable mental states—knowledge or intent—than recklessness. See *People v. Fornear*, 176 Ill. 2d 523, 531 (1997) (recklessness is less culpable mental state than knowledge); *People v. Lattimore*, 2011 IL App (1st) 093238, ¶ 43 (same); *People v. Gordon*, 116 Ill. App. 2d 260, 266 (1969) (recklessness less culpable than knowledge or intent). An " '[i]ncluded offense' " is defined as one "established by proof of the same or less than all of the facts or a *less culpable mental state* (or both), than that which is required to establish the commission of the offense charged." (Emphasis added.) 720 ILCS 5/2-9(a) (West 2014). That definition says nothing about the level of punishment for the two offenses. Thus, even though they shared the same punishment, reckless conduct could still be considered a lesser-included offense of domestic battery in this case because of its less culpable mental state.

¶ 21                                        III. CONCLUSION

¶ 22 For the reasons stated, we affirm defendant's conviction.

¶ 23 Affirmed.