NO. 4-97-0664

IN THE APPELLATE COURT 

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, )  Appeal from

Plaintiff-Appellee, )  Circuit Court of

v. )  Livingston County

ROBERT L. RANKIN, )  No. 95CF212

Defendant-Appellant. )  

    )  Honorable

)  Charles E. Glennon,

)  Judge Presid­ing. 

_________________________________________________________________

JUSTICE STEIGMANN delivered the opinion of the court:

In September 1996, following a bench trial, the trial court found defendant, Robert L. Rankin, guilty of driving while his driver's license was revoked (625 ILCS 5/6-303 (West Supp. 1995)), improper lane usage (625 ILCS 5/11-709 (West 1994)), unlawful use of a weapon (720 ILCS 5/24-1(a)(4) (West 1994)), and unlawful posses­sion of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 1994)).  The court entered judg­ments of convic­tion on both traffic offens­es and on unlawful possession of a weapon by a felon, but did not enter a judgment of convic­tion on unlawful use of a weap­on.  In Novem­ber 1996, the court sen­tenced defen­dant to an extended-term sentence of six years in prison for unlawful posses­sion of a weapon by a felon.   

Defendant did not directly appeal but instead filed a postconviction petition in February 1997 under the Post-Convic­tion Hearing Act (Act) (725 ILCS 5/122-1 
et
 
seq
. (West 1996)).  Defen­dant alleged in that petition that his sentence was uncon­stitutional and void because the trial court violated various provisions of Illinois sentencing law.  In April 1997, the court conducted a hearing on the petition and denied it.  

Defen­dant appeals, arguing that the trial court erred by sen­tenc­ing him to an extended term because (1) it used a prior felony convic­tion as both (a) an element of an offense and (b) a justi­fi­ca­tion to impose an extended term; (2) a court may sen­tence a defendant to an extended term only on the most serious class of offenses of which the defendant is convict­ed; and (3) a juve­nile adjudi­ca­tion of delinquency under the Juvenile Court Act does not constitute a felony convic­tion and cannot be used to justify an extend­ed term under section 5-5-3.2(b)(1) of the Unified Code of Correc­tions (Code) (730 ILCS 5/5-5-3.2(b)(1) (West Supp. 1995)).  Because we agree with each of defendant's arguments, we reverse and remand with direc­tions.

I.  BACKGROUND

The trial court conducted a sentencing hearing in Novem­ber 1996.  The presentence investigation report indicated that defendant had previous convictions of aggra­vated bat­tery (in 1993) and several misde­meanors.  He had also been adjudi­cat­ed delinquent as a 16-year-old for resi­dential burglary (720 ILCS 5/19-3(a) (West 1992)).   

The trial court sen­tenced defen­dant to an extend­ed-term sen­tence of six years in prison for unlawful posses­sion of a weapon by a felon.  The court also sentenced him to 364 days in jail for the offense of driving while his license was re­voked, to be served concur­rently with the six-year term, and fined him a total of $3,050 for his three convic­tions.

The trial court based the extended-term sentence on defendant's 1993 felony conviction.  The court also stated that it could have imposed the extended term based on defendant's offense of unlaw­ful use of a weapon 
or
 his juvenile adjudication.

II.  ANALYSIS

A.  Double Enhancement

Defendant first argues that the trial court erred by sen­tenc­ing him to an extended term for the conviction of unlawful possession of a weapon by a felon because using a prior felony convic­tion as both (1) an element of an offense, and (2) justi­fi­ca­tion to sentence a defendant to an extended term constitutes an imper­mis­sible double enhance­ment.

The State first responds that defendant has forfeited this issue by failing to (1) object to the imposition of an extend­ed term, (2) file a postsentencing motion, or (3) take a direct appeal.  We disagree.  

In 
People v. Arna
, 168 Ill. 2d 107, 113, 658 N.E.2d 445, 448 (1995), the supreme court stated that a sentence that does not conform to statutory requirements is void and may be corrected at any time.  See also 
People v. Wade
, 116 Ill. 2d 1, 5-6, 506 N.E.2d 954, 955 (1987) ("[a] void judgment may be at­tacked at any time, either directly or collaterally").  In 
People v. Perruquet
, 181 Ill. App. 3d 660, 663-64, 537 N.E.2d 351, 353-54 (1989), the court accepted the defendant's postconviction peti­tion and directed that an improper extended-term sentence be reduced, holding that the excess portion of the defendant's sentence was void.  Because we con­clude that defendant's extend­ed-term sen­tence did not conform to statu­tory require­ments, we hold that he did not forfeit this issue and that he properly raised it in this proceeding under the Act.  

 One of the elements of unlaw­ful posses­sion of a weapon by a felon is that the defen­dant has a prior felony convic­tion.  
720 ILCS 5/24-1.1(a) (West 1994).  Defen­dant was con­victed in 1993 of aggra­vated bat­tery, a Class 3 felony (720 ILCS 5/12-4(e) (West 1994)).  The trial court subsequently imposed an extend­ed-term sen­tence based on this felony convic­tion.

Under some circumstances, the trial court may impose an extended-term sentence.  Section 5-5-3.2(b)(1) of the Code pro­vides that an extended term may be imposed pursuant to section 5-8-2 of the Code (730 ILCS 5/5-8-2 (West 1994)), as follows:

"When a defendant is convicted of any felony, after having been previously convict­ed in Illinois or any other jurisdiction of the same or similar class felony or greater class felony, when such conviction has oc­curred within 10 years after the previous convic­tion, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts."  730 ILCS 5/5-5-3.2(b)(1) (West Supp. 1995).  

In 
People v. Gonzalez
, 151 Ill. 2d 79, 83-84, 600 N.E.2d 1189, 1191 (1992), the supreme court held that it is imper­mis­si­ble to use "a single factor both as an element of a defendant's crime 
and
 as an aggravating factor justifying the imposition of a harsher sen­tence than might otherwise have been imposed."  (Emphasis in original.)  In 
Gonzales
, the supreme court upheld the defendant's extended-term sen­tence on the charge of unlawful possession of a weapon by a felon because the defen­dant had two previous felony convic­tions.  The court used one convic­tion (for robbery) as an essential element of the crime and another convic­tion (for aggravated battery) as the aggra­vating factor that justified imposing an extended-term sentence.  
Gonzalez
, 151 Ill. 2d at 85, 600 N.E.2d at 1192.  

However, in this case, defendant has only one prior felony conviction--namely, for aggravated battery in 1993.  The State contends that defendant's felony "status" is an element of the offense, not his prior conviction.  The State also contends that defendant's conviction for unlawful possession of a weapon by a felon "was already a felony even without the fact that he was a felon."  However, if we were to accept the State's conten­tion, then every convic­tion of unlawful use of a weapon by a felon would automatically subject that defendant to an extended term.  We reject the State's contention.  Accord­ingly, we hold that the trial court erred by relying on defendant's single 1993 felony convic­tion to both con­vict him of unlaw­ful posses­sion of a weapon by a felon 
and
 impos­e an extended-term sen­tence.  In so holding, we agree with the recent decision of the Second District Appel­late Court in 
People v. Bahena
, 296 Ill. App. 3d 67, 70, 693 N.E.2d 1279, 1281 (1998), which reached the same conclu­sion in a similar case.  

In Illinois, when the trial court imposes a sentence greater than that permitted by statute, the excess portion of the sen­tence is void.  
Perruquet
, 181 Ill. App. 3d at 663, 537 N.E.2d at 353.  Unlawful posses­sion of a weapon by a felon is a Class 3 felony (720 ILCS 5/24-1.1(e) (West 1994)), punish­able by not less than two years and not more than five years in prison (730 ILCS 5/5-8-1(a)(6) (West Supp. 1995)).  Thus, one year of defendant's sen­tence is void.  Accord­ingly, pursuant to our authority under Supreme Court Rule 615(b) (134 Ill. 2d R. 615(b)), we direct the trial court on remand to modify the sen­tenc­ing order to show that the six-year sen­tence on defendant's convic­tion of unlaw­ful posses­sion of a weapon by a felon is reduced to five years.  730 ILCS 5/5-8-2(b), 5-8-1(a)(6) (West 1994).  

B.  Extended Term Available Only for Most Serious 

Class of Offenses

Defendant next argues that the trial court erred by imposing an extended-term sentence for the Class 3 offense of unlawful possession of a weapon by a felon based on its reason­ing that it could have imposed such a sen­tence on the Class 4 offense of unlawful use of a weapon (for which it did not enter judgment) had the court not also convicted defendant of the Class 3 of­fense.  The State defends the court's action, as fol­lows: "[B]ecause it could have [applied the extend­ed-term stat­ute] on a less serious offense [the Class 4 of­fense], it makes no sense for the court not to be able to do it on a more seri­ous [of­fense].
"  The record shows that the court viewed the matter similar­ly, stating as follows:  "[I]f I could­n't do it [(sentence de­fen­dant to an ex­tend­ed term)] [on] Count II, I should be able to do it on Count I, [so] I am say­ing it is a distinction without a dif­fer­ence."

In 
People v. Jordan
, 103 Ill. 2d 192, 205, 469 N.E.2d 569, 575 (1984), the supreme court held that a sentenc­ing court may impose an extend­ed-term sentence only "for the class of the most serious offense of which the offender was convicted."  The State argues that 
Jordan
 does not apply here because the court did not enter judgment on defendant's Class 4 offense.  The State relies on 
People v. Neal
, 111 Ill. 2d 180, 204-05, 489 N.E.2d 845, 855 (1985) (hold­ing that extended-term sentencing does not apply when a death sentence is also imposed), and 
People v. Young
, 124 Ill. 2d 147, 162, 529 N.E.2d 497, 504 (1988) (holding that the extended-term statute, as applied to murder, only applies to the sentence of a fixed term of imprison­ment of 20 to 40 years).  We disagree.  

A defendant's eligibility for an extend­ed-term sen­tence is not trans­ferable from one offense to another.  
Because defen­dant had been con­victed of a Class 3 felony, 
Jordan
 prohib­ited the trial court from imposing an extended-term sen­tence on defendant's Class 4 felony convic­tion.    

In passing, we note that the State could have extri­cat­ed itself from this situation by voluntarily dis­missing the Class 3 offense at any time before the trial court.  Had the State done so, the court could have entered judgment on the Class 4 convic­tion, applied the extended-term sentencing provision, and sen­tenced defen­dant accordingly to six years in prison.

C.  Juvenile Adjudication Does Not Constitute a Conviction

Defendant next argues that the trial court had no authority to impose an extended-term sentence based on his juve­nile adjudication for residential burglary.  In response, the State con­tends that a juvenile adjudication constitutes a "con­viction" for purposes of extended-term sentencing.  We agree with defendant.

Section 5-5-3.2 of the Code authorizes extended-term sen­tenc­ing when a defendant is con­victed of any felony, "after having been previously 
convicted
 in Illinois or any other juris­diction of the same or similar class felony or greater class felony."  (Emphasis added.)  730 ILCS 5/5-5-3.2(b)(1) (West 1994). 

The Code defines "conviction" as follows:

"`Conviction' means a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury."  730 ILCS 5/5-1-5 (West 1994).  

This definition does not include juvenile adjudica­tions.  Fur­ther, a term of well-known legal significance can be presumed to have that meaning in a statute.  
Advincula v. United Blood Services
, 176 Ill. 2d 1, 17, 678 N.E.2d 1009, 1017 (1996).  "Conviction" is commonly known to mean "the result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged."  Black's Law Dictionary 333 (6th ed. 1990).

   At one point during the hearing on defendant's postconviction petition, the trial court stated that a juvenile adjudi­ca­tion is "not really a convic­tion," noting that it is inadmissi­ble for impeach­ment purposes.  Never­theless, the court then stated as follows:

"[M]y holding is that that adjudication of delinquency for residential burglary, a Class 2 felony, can -- my ruling is it can be used as a factor for the court to impose an ex­tended term. *** The court finds that a juve­nile adjudication may be used for purposes of imposing an extended[-]term sentence. *** It certainly *** can be used as an aggravating factor under the Illinois Criminal Code in imposing a sentence.  And within the section concerning aggravating factors is where we find extended sentences.  *** So I know of no reason to distinguish between a Class 2 felo­ny committed by [defendant] when he was a lit­tle bit under the age of 17 and a residen­tial burglary, that that cannot be if it can be used as an aggravating factor, *** and that together with his accumulation of a myriad of other offenses as to the length of the sentence, I don't believe that it acts--there is a bar for the court to consider it as a necessary factor of imposition of an extended term."

 Trial courts may consid­er juve­nile delinquency adjudi­ca­tions in sentencing.  Subsection (a)(3) of section 5-5-3.2 of the Code ex­pressly pro­vides that courts may consider as aggravat­ing factors in sentenc­ing "a history of prior delin­quen­cy or criminal activi­ty."  730 ILCS 5/5-5-3.2(a)(3) (West Supp. 1995).  A different subsection--(b)(1)--of that same section (5-5-3.2) contains the language at issue (namely, reference to a person's "having been previously 
convicted
" (emphasis added) (730 ILCS 5/5-5-3.2(b)(1) (West Supp. 1995)).  To accept the State's argu­ments would mean we would need to conclude that the legislature did not intend to distin­guish between prior "delinquency adjudi­cations" on the one hand and "prior convic­tions" on the other.  730 ILCS 5/5-5-3.2(b)(1) (West Supp. 1995).  We would further need to conclude that the legisla­ture failed to distinguish between these two terms even though it used those terms in the same section--namely, section 5-5-3.2 of the Code.

In this case, defendant was adjudicated delinquent pursuant to the Juve­nile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/1-1 
et
 
seq
. (West 1994)) for his offense of resi­dential bur­glary.  Proceed­ings under the Juvenile Court Act are not crimi­nal.  
In re W.C.
, 167 Ill. 2d 307, 320, 657 N.E.2d 908, 915 (1995).  
  

The legislature could have includ­ed juve­nile delinquen­cy adjudi­cations in its definition of "con­vic­tion" under section 5-1-5 of the Code or made specific reference to such adjudica­tions in section 5-5-3.2(b)(1) of the Code, discussing when an extend­ed-term sentence may be imposed (730 ILCS 5/5-1-5, 5-5-3.2(b)(1) (West Supp. 1995)).  However, it did not do so.  Thus, we conclude that defendant's juvenile delinquency adjudi­cation does not provide a basis for the imposition of an extend­ed-term sen­tence.

IV.  CONCLUSION

For the reasons stated, we reverse the trial court's judgment and remand with directions.

Reversed and remanded with directions.

GARMAN, P.J., and KNECHT, J., concur.