THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT L. RANKIN, Defendant-Appellant.

Fourth District   No. 4—97—0664

Opinion filed July 22, 1998.

Daniel D. Yuhas, John M. McCarthy, and Gretchen Kogel, all of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Brown, State's Attorney, of Pontiac (Norbert J. Goetten, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In September 1996, following a bench trial, the trial court found defendant, Robert L. Rankin, guilty of driving while his driver's license was revoked (625 ILCS 5/6—303 (West Supp. 1995)), improper lane usage (625 ILCS 5/11—709 (West 1994)), unlawful use of a weapon (720 ILCS 5/24—1(a)(4) (West 1994)), and unlawful possession of a weapon by a felon (720 ILCS 5/24—1.1(a) (West 1994)). The court entered judgments of conviction on both traffic offenses and on unlawful possession of a weapon by a felon, but did not enter a judgment of conviction on unlawful use of a weapon. In November 1996, the court sentenced defendant to an extended-term sentence of six years in prison for unlawful possession of a weapon by a felon.

Defendant did not directly appeal but instead filed a postconviction petition in February 1997 under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 et seq. (West 1996)). Defendant alleged in that petition that his sentence was unconstitutional and void because the trial court violated various provisions of Illinois sentencing law. In April 1997, the court conducted a hearing on the petition and denied it.

Defendant appeals, arguing that the trial court erred by sentencing him to an extended term because (1) it used a prior felony conviction as both (a) an element of an offense and (b) a justification to impose an extended term; (2) a court may sentence a defendant to an extended term only on the most serious class of offenses of which the defendant is convicted; and (3) a juvenile adjudication of delinquency under the Juvenile Court Act does not constitute a felony conviction and cannot be used to justify an extended term under section 5—5—3.2(b)(1) of the Unified Code of Corrections (Code) (730 ILCS 5/5—5—3.2(b)(1) (West Supp. 1995)). Because we agree with each of defendant's arguments, we reverse and remand with directions.

## I. BACKGROUND

The trial court conducted a sentencing hearing in November 1996. The presentence investigation report indicated that defendant had previous convictions of aggravated battery (in 1993) and several misdemeanors. He had also been adjudicated delinquent as a 16-year-old for residential burglary (720 ILCS 5/19—3(a) (West 1992)).

The trial court sentenced defendant to an extended-term sentence of six years in prison for unlawful possession of a weapon by a felon. The court also sentenced him to 364 days in jail for the offense of driving while his license was revoked, to be served concurrently with the six-year term, and fined him a total of $3,050 for his three convictions.

The trial court based the extended-term sentence on defendant's 1993 felony conviction. The court also stated that it could have imposed the extended term based on defendant's offense of unlawful use of a weapon *or* his juvenile adjudication.

## II. ANALYSIS

### A. Double Enhancement

Defendant first argues that the trial court erred by sentencing him to an extended term for the conviction of unlawful possession of a weapon by a felon because using a prior felony conviction as both (1) an element of an offense, and (2) justification to sentence a defendant to an extended term constitutes an impermissible double enhancement.

The State first responds that defendant has forfeited this issue by failing to (1) object to the imposition of an extended term, (2) file a postsentencing motion, or (3) take a direct appeal. We disagree.

In *People v. Arna*, 168 Ill. 2d 107, 113, 658 N.E.2d 445, 448 (1995), the supreme court stated that a sentence that does not conform to statutory requirements is void and may be corrected at any time. See also *People v. Wade*, 116 Ill. 2d 1, 5-6, 506 N.E.2d 954, 955 (1987) ("[a] void judgment may be attacked at any time, either directly or collaterally"). In *People v. Perruquet*, 181 Ill. App. 3d 660, 663-64, 537 N.E.2d 351, 353-54 (1989), the court accepted the defendant's postconviction petition and directed that an improper extended-term sentence be reduced, holding that the excess portion of the defendant's sentence was void. Because we conclude that defendant's extended-term sentence did not conform to statutory requirements, we hold that he did not forfeit this issue and that he properly raised it in this proceeding under the Act.

One of the elements of unlawful possession of a weapon by a felon is that the defendant has a prior felony conviction. 720 ILCS 5/24—1.1(a) (West 1994). Defendant was convicted in 1993 of aggravated battery, a Class 3 felony (720 ILCS 5/12—4(e) (West 1994)). The trial court subsequently imposed an extended-term sentence based on this felony conviction.

Under some circumstances, the trial court may impose an extended-term sentence. Section 5—5—3.2(b)(1) of the Code provides that an extended term may be imposed pursuant to section 5—8—2 of the Code (730 ILCS 5/5—8—2 (West 1994)), as follows:

"When a defendant is convicted of any felony, after having been previously convicted in Illinois or any other jurisdiction of the same or similar class felony or greater class felony, when such conviction has occurred within 10 years after the previous conviction, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts." 730 ILCS 5/5—5—3.2(b)(1) (West Supp. 1995).

In *People v. Gonzalez*, 151 Ill. 2d 79, 83-84, 600 N.E.2d 1189, 1191 (1992), the supreme court held that it is impermissible to use "a single factor both as an element of a defendant's crime *and* as an aggravating factor justifying the imposition of a harsher sentence than might otherwise have been imposed." (Emphasis in original.) In *Gonzales*, the supreme court upheld the defendant's extended-term sentence on the charge of unlawful possession of a weapon by a felon because the defendant had two previous felony convictions. The court used one conviction (for robbery) as an essential element of the crime and another conviction (for aggravated battery) as the aggravating factor that justified imposing an extended-term sentence. *Gonzalez*, 151 Ill. 2d at 85, 600 N.E.2d at 1192.

■ However, in this case, defendant has only one prior felony conviction—namely, for aggravated battery in 1993. The State contends that defendant's felony "status" is an element of the offense, not his prior conviction. The State also contends that defendant's conviction for unlawful possession of a weapon by a felon "was already a felony even without the fact that he was a felon." However, if we were to accept the State's contention, then every conviction of unlawful use of a weapon by a felon would automatically subject that defendant to an extended term. We reject the State's contention. Accordingly, we hold that the trial court erred by relying on defendant's single 1993 felony conviction to both convict him of unlawful possession of a weapon by a felon *and* impose an extended-term sentence. In so holding, we agree with the recent decision of the Second District Appellate Court in *People v. Bahena*, 296 Ill. App. 3d 67, 70, 693 N.E.2d 1279, 1281 (1998), which reached the same conclusion in a similar case.

In Illinois, when the trial court imposes a sentence greater than that permitted by statute, the excess portion of the sentence is void. *Perruquet*, 181 Ill. App. 3d at 663, 537 N.E.2d at 353. Unlawful possession of a weapon by a felon is a Class 3 felony (720 ILCS 5/24—1.1(e) (West 1994)), punishable by not less than two years and not more than five years in prison (730 ILCS 5/5—8—1(a)(6) (West Supp. 1995)). Thus, one year of defendant's sentence is void. Accordingly, pursuant to our authority under Supreme Court Rule 615(b) (134 Ill. 2d R.

615(b)), we direct the trial court on remand to modify the sentencing order to show that the six-year sentence on defendant's conviction of unlawful possession of a weapon by a felon is reduced to five years. 730 ILCS 5/5—8—2(b), 5—8—1(a)(6) (West 1994).

## B. Extended Term Available Only for Most Serious Class of Offenses

Defendant next argues that the trial court erred by imposing an extended-term sentence for the Class 3 offense of unlawful possession of a weapon by a felon based on its reasoning that it could have imposed such a sentence on the Class 4 offense of unlawful use of a weapon (for which it did not enter judgment) had the court not also convicted defendant of the Class 3 offense. The State defends the court's action, as follows: "[B]ecause it could have [applied the extended-term statute] on a less serious offense [the Class 4 offense], it makes no sense for the court not to be able to do it on a more serious [offense]." The record shows that the court viewed the matter similarly, stating as follows: "[I]f I couldn't do it [(sentence defendant to an extended term)] [on] Count II, I should be able to do it on Count I, [so] I am saying it is a distinction without a difference."

In *People v. Jordan*, 103 Ill. 2d 192, 205, 469 N.E.2d 569, 575 (1984), the supreme court held that a sentencing court may impose an extended-term sentence only "for the class of the most serious offense of which the offender was convicted." The State argues that *Jordan* does not apply here because the court did not enter judgment on defendant's Class 4 offense. The State relies on *People v. Neal*, 111 Ill. 2d 180, 204-05, 489 N.E.2d 845, 855 (1985) (holding that extended-term sentencing does not apply when a death sentence is also imposed), and *People v. Young*, 124 Ill. 2d 147, 162, 529 N.E.2d 497, 504 (1988) (holding that the extended-term statute, as applied to murder, only applies to the sentence of a fixed term of imprisonment of 20 to 40 years). We disagree.

A defendant's eligibility for an extended-term sentence is not transferable from one offense to another. Because defendant had been convicted of a Class 3 felony, *Jordan* prohibited the trial court from imposing an extended-term sentence on defendant's Class 4 felony conviction.

In passing, we note that the State could have extricated itself from this situation by voluntarily dismissing the Class 3 offense at any time before the trial court. Had the State done so, the court could have entered judgment on the Class 4 conviction, applied the extended-term sentencing provision, and sentenced defendant accordingly to six years in prison.

## C. Juvenile Adjudication Does Not Constitute a Conviction

Defendant next argues that the trial court had no authority to impose an extended-term sentence based on his juvenile adjudication for residential burglary. In response, the State contends that a juvenile adjudication constitutes a "conviction" for purposes of extended-term sentencing. We agree with defendant.

■ Section 5—5—3.2 of the Code authorizes extended-term sentencing when a defendant is convicted of any felony, "after having been previously *convicted* in Illinois or any other jurisdiction of the same or similar class felony or greater class felony." (Emphasis added.) 730 ILCS 5/5—5—3.2(b)(1) (West 1994).

The Code defines "conviction" as follows:

> " 'Conviction' means a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." 730 ILCS 5/5—1—5 (West 1994).

This definition does not include juvenile adjudications. Further, a term of well-known legal significance can be presumed to have that meaning in a statute. *Advincula v. United Blood Services*, 176 Ill. 2d 1, 17, 678 N.E.2d 1009, 1017 (1996). "Conviction" is commonly known to mean "the result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged." Black's Law Dictionary 333 (6th ed. 1990).

At one point during the hearing on defendant's postconviction petition, the trial court stated that a juvenile adjudication is "not really a conviction," noting that it is inadmissible for impeachment purposes. Nevertheless, the court then stated as follows:

> "[M]y holding is that that adjudication of delinquency for residential burglary, a Class 2 felony, can—my ruling is it can be used as a factor for the court to impose an extended term. *** The court finds that a juvenile adjudication may be used for purposes of imposing an extended[-]term sentence. *** It certainly *** can be used as an aggravating factor under the Illinois Criminal Code in imposing a sentence. And within the section concerning aggravating factors is where we find extended sentences. *** So I know of no reason to distinguish between a Class 2 felony committed by [defendant] when he was a little bit under the age of 17 and a residential burglary, that that cannot be if it can be used as an aggravating factor, *** and that together with his accumulation of a myriad of other offenses as to the length of the sentence, I don't believe that it acts—there is a bar for the court to consider it as a necessary factor of imposition of an extended term."

Trial courts may consider juvenile delinquency adjudications in

sentencing. Subsection (a)(3) of section 5—5—3.2 of the Code expressly provides that courts may consider as aggravating factors in sentencing "a history of prior delinquency or criminal activity." 730 ILCS 5/5—5—3.2(a)(3) (West Supp. 1995). A different subsection—(b)(1)—of that same section (5—5—3.2) contains the language at issue (namely, reference to a person's "having been previously *convicted*" (emphasis added) (730 ILCS 5/5—5—3.2(b)(1) (West Supp. 1995)). To accept the State's arguments would mean we would need to conclude that the legislature did not intend to distinguish between prior "delinquency adjudications" on the one hand and "prior convictions" on the other. 730 ILCS 5/5—5—3.2(b)(1) (West Supp. 1995). We would further need to conclude that the legislature failed to distinguish between these two terms even though it used those terms in the same section—namely, section 5—5—3.2 of the Code.

■ In this case, defendant was adjudicated delinquent pursuant to the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/1—1 *et seq*. (West 1994)) for his offense of residential burglary. Proceedings under the Juvenile Court Act are not criminal. *In re W.C.*, 167 Ill. 2d 307, 320, 657 N.E.2d 908, 915 (1995).

The legislature could have included juvenile delinquency adjudications in its definition of "conviction" under section 5—1—5 of the Code or made specific reference to such adjudications in section 5—5—3.2(b)(1) of the Code, discussing when an extended-term sentence may be imposed (730 ILCS 5/5—1—5, 5—5—3.2(b)(1) (West Supp. 1995)). However, it did not do so. Thus, we conclude that defendant's juvenile delinquency adjudication does not provide a basis for the imposition of an extended-term sentence.

## IV. CONCLUSION

For the reasons stated, we reverse the trial court's judgment and remand with directions.

Reversed and remanded with directions.

GARMAN, P.J., and KNECHT, J., concur.